Fischer v. Max et al.

---

MICHAEL FISCHER, Respondent, *v.* JACOB MAX AND M. K. GOETZ, Appellants.

1. *Practice, civil — Pleading — Allegata and probata — Amendment, order for.*—Where parties are misled by an allegation in the petition, they should follow the statute (Wagn. Stat. 1033, § 1) and obtain an order compelling the amendment of the petition upon terms. If they are surprised, an amendment may entitle them to a continuance at the cost of the adverse party.

*Appeal from Buchanan Court of Common Pleas.*

*F. T. Ledergerber*, for appellants.

*A. P. Hereford*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff brought his action against the defendants for damages for non-fulfillment of an alleged contract. The petition states that on or about the first of September, 1869, the plaintiff sold to the defendants a lot of barley, to be delivered in ten days or two weeks, and averred a readiness or willingness to perform his part of the contract, and a refusal by the defendants to receive and pay for the barley on their side. The answer denied that such a contract was made on the first of September or at any other time. There was a trial before a jury and verdict for the plaintiff.

No objections are made to the instructions, and the only question presented is the ruling of the court in admitting testimony. A witness was introduced whose evidence tended to show that the contract was made about the first of October instead of September. This evidence was objected to as being inadmissible under the pleadings, but the objection was overruled and the evidence admitted.

The strict principles of variance between the pleadings and the proof have been to a great extent modified by our practice act. The statute provides that no variance between the allegation in the pleading and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits ; and that, when it shall be alleged that a party has been so misled, the facts shall be proved to the satisfaction of the court, by affidavit showing in what respect he has been misled ; and thereupon the court may order the pleading to be amended upon such terms as shall be just. (Wagn. Stat. 1033, § 1.)

It is apparent that the evidence had no tendency to mislead the defendants to their prejudice. They denied that the contract was made at the time stated in the petition or at any other time. They held that there was no contract. If they were misled they should have followed the statutes and obtained an order compelling an amendment of the petition upon terms. If they were surprised, an amendment might have entitled them to a continuance at the

cost of the adverse party. But there is no pretense of surprise, and there was none in fact.

There is certainly no error in this record, and the judgment must be affirmed. Judge Bliss concurs. Judge Adams absent.