ERNST. KRECH, Respondent, *vs*. PACIFIC RAILROAD, Appellant.

1. *Practice, civil—Pleading—Evidence—Contract with R. R. Co. for meals furnished employees.*—In suit against a railroad company for board furnished the employees under an alleged contract with the company, it was *held* proper to show a like arrangement made with prior parties, the evidence being supplemented by proof of an agreement to continue the arrangement with plaintiff, and in the absence of an affidavit showing that defendant was misled thereby, it was held that under the statute plaintiff might amend his petition by designating the price per meal agreed on for each employee.

2. *Instructions— When properly given.*—Instructions which, taken in connection, correctly present the law of the case, are properly given.

3. *Instructions, when properly refused.*—Instructions not founded on the evidence nor having any application to the case, are properly refused.

*Appeal from Franklin County Circuit Court.*

*D. R. O'Neil,* for Respondent.

*Ewing, Smith & Pope,* for Appellant.

NORTON, Judge, delivered the opinion of the court.

This was a suit instituted in the circuit court of Franklin county to recover for the boarding and lodging of the employees of defendant. The petition in substance alleges that defendant contracted with plaintiff to furnish board and lodging to its employees, whenever required by them, at a stipulated price of twenty-five cents per meal ; that defendant agreed to deduct from the time pay rolls of each and every employee, to whom boarding and lodging were furnished,the amount of money due plaintiff, and pay the same over to him ; that plaintiff at the request of defendant did board his servants from 1870 to February 1872, which amounted in the aggregate to the sum of $442.65, the particulars of which are set out in an account attached to the petition as part of it ; that neither the defendant nor the employees had paid said amounts, and by the failure of defendant to deduct the same from the pay rolls of such employees, and pay them over to plaintiff, the defendant was liable to him in the sum of $442.65.

The answer of defendant denied all the material allegations of the petition, and upon a trial of the cause judgment was rendered for plaintiff. During the progress of the trial exceptions were

taken to the action of the court in admitting evidence, in allowing an amendment to the petition, and in giving and refusing instructions.

The plaintiff testified that when trains commenced running on defendant's road, 18 or 19 years ago, to the town of Hermann, he was station agent for defendant at that point, and that the general superintendent and pay master of defendant agreed with one Liemer, who was keeping Leimer's hotel in Hermann, that each employee of the road, who could not pay cash to Leimer for his board, should give an order to the paymaster for the amount due, and authorizing a deduction of the same from the sums due the employee from the company, which orders at the end of each month were to be sent to the assistant superintendent, and by him to be sent to the paymaster to be deducted from the pay of the men, and the amounts deducted to be paid to Liemer. It appeared that Liemer kept the hotel under that arrangement till 1860 when he died, and that the hotel was afterwards kept by Liemer's administrator, Mrs. Liemer, and her brother, in the same way till 1868, when plaintiff rented it and carried on his business with defendant in the same way, defendant paying plaintiff on orders for board at the end of each month.

An objection was made by defendant to the admission of so much of the above evidence as related to the contract with Liemer and other parties, while they were keeping the hotel, on the ground of irrelevancy.

We think that this objection was not well taken. The witness testified without objection that when he rented the hotel, in 1868, he carried on business with defendant in boarding its employees in the same way, or under the same arrangement, as it had been carried on by Liemer and those who had preceded him in the hotel, and it was certainly competent for him to state what that arrangement or agreement was between Liemer and defendant, and that his contract was but a continuance of that.

The objections made to the statement of witness, "that Talmage, superintendent of the road, issued an order that the company would not be responsible to boarding house-keepers on these orders any more after the 1st day of February, 1872," was prop-

erly overruled, as it does not appear from the record that the order was a written order, and we will not presume that it was to give foundation to an objection, which, to say the least, was but technical.

During the trial, the court, against the objection of defendant, allowed plaintiff to amend his petition by interlining the words "at 25 cents per meal for each employee."

Under the statute the court, in furtherance of justice and on proper terms, may at any time before final judgment authorize an amendment to be made by inserting other allegations material to the case. In the absence of an affidavit alleging that defendant was misled or surprised by the amendment, the action of the court below in allowing it to be made will be sustained. (Turner *et al.* vs. Chillicothe Des Moines R. R. Co., *et al.*, 51 Mo. 501; Fischer vs. Max, 49 Mo. 404.)

Exceptions were also taken to the first and second instructions given for plaintiff. The jury were told in the first instruction in substance, that before they could return a verdict for plaintiff they must find that by agreement with defendant he boarded the employees of defendant, and that defendant agreed to deduct, on proper order from the pay rolls of its employees each month, the amount due for board, and pay the same to plaintiff; and that defendant had failed to make such deduction and payments.

The second instruction in substance was that if the jury believed that plaintiff, at defendant's request, boarded its employees, and that in consideration thereof defendant agreed to deduct from the pay rolls of such employees the amount of the orders drawn, and that such orders at the end of each month were sent to the proper office of defendant, and that by his negligence such deductions were not made and the plaintiff not paid, they would find for plaintiff.

We find no error in giving these instructions, but think that they, in connection with the second, third and tenth instructions given for defendant, placed the law of the case fairly before the jury.

The instructions numbered 1, 5, 7 and 8, asked for by defendant, sought from the court various declarations of law as to what was a custom or usage of trade and what proof was required to

establish such custom. According to the view we entertain of this case they were properly refused. The action of plaintiff was founded on contract set out in the petition, and in the instructions given for defendant the jury were in express terms directed to find for the defendant, unless it appeared from the evidence that defendant contracted with plaintiff to pay the board of its employees.

The sixth instruction was rightly refused because it sought a declaration of law which had no application to the case. It asked the court to declare that the orders drawn by defendant's employees in plaintiff's favor for board, created no liability on defendant until accepted, when under the contract on which suit was brought a liability was created in the defendant, either by his failure to deduct said orders from the pay rolls, or to pay the same over to plaintiff after they were deducted.

The ninth instruction asked the court to declare that there was no evidence that defendant ever failed to pay any bill for board which had been deducted from the pay of the employees. This was properly refused because defendant was as much liable for a failure to deduct these orders from the pay rolls, as for a failure to pay after the deductions were made ; and also, because the witness examined expressly stated that he did not get all the money that had been deducted from the pay rolls, and that when he applied to see them, he was not permitted by defendant to look at them.

The fourth instruction asked the court to tell the jury that the account was not evidence, and that it was excluded from their consideration as such.

The account was not admitted as evidence, nor was it offered as evidence so far as the record shows, and there was consequently no error committed by the court in refusing the instruction.

Judgment affirmed all the other judges concurring except Judge Wagner who is absent.