HOWARD COUNTY v. BAKER *et al.*, *Appellants.*

### Division Two, January 8, 1894.

1. **Courthouse:** BUILDING CONTRACT: CHANGE IN SURETIES. Where a contract for the construction of a courthouse provides that the county may make any alteration desired in the specifications and that such change shall not make the contract void, the fact that the county under agreement with the contractor changes the window lintels from stone to railroad iron does not affect the obligation of the sureties on his bond.

2. ———: ———: ———: WAIVER. Such objection on the part of the sureties comes too late when made for the first time in the supreme court.

3. **Building Contract, Construction of:** COURTHOUSE. A stipulation in a contract for building a courthouse provided that the county should pay eighty-five per cent. "on the amount of material furnished on the ground and work done on the building on the first of each month as the work shall progress; all payments to be made on the superintendent's estimate of material furnished and labor performed and indorsed by the county court and certified to by the architect." *Held,* that the contract is not subject to the construction that the court should not at any time have paid more than eighty-five per cent. of the amount that the work completed and the material furnished bore to the whole cost of the building.

4. ———: ———. The certificate of the superintendent, in the absence of fraud, was conclusive on the parties.

5. **Practice:** REFEREE: SPECIAL VERDICT. The findings of a referee have the effect of a special verdict.

6. **Pleading:** ANSWER: CONTRACT: SURETIES. An answer, in an action against sureties on a contractor's bond for the latter's breach of the contract averring merely a change made by the plaintiff and the contractor, does not tender a defense that plaintiff negligently or wrongfully gave up a security held by it in failing to retain a sufficient proportion of the contract price.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Quarles & James, Gates & Wallace,* and *James A. Reed* for appellants.

(1) Plaintiff was not entitled to recover on its petition, because it alleged as a breach the failure of Baker to comply with the contract of June 1, whereas the undisputed evidence showed that this contract, as pleaded, no longer existed, but the same had been changed, altered, modified and abrogated by a new contract made on October 1. Plaintiff's right to recover, if at all, was for failure to perform the new and altered agreement. *Victor Sewing Machine v. Scheffler,* 61 Cal. 530; *Osborne v. VanHouten,* 45 Mich. 444; *Warden v. Ryan,* 37 Mo. App. 466. (2) The liability of the sureties is not to be extended beyond the terms of this obligation strictly construed, and by entering into a new contract on October 1, changing the terms of the agreement of June 1, plaintiff released the bondsmen even though they were in no manner injured by the making of such new contract. *Warden v. Ryan,* 37 Mo. App. 466; *Blair v. Insurance Co.,* 10 Mo. 562; *Ryan v. Morton,* 65 Tex. 258; *United States v. Corwine,* 1 Bond, 339; *Harrisonville v. Porter,* 76 Mo. 359; *State v. McGonigle,* 101 Mo. 353. (3) The bond and the contract must be construed together, and the provisions of the contract relative to payments are for the benefit of the sureties. *Ryan v. Morton,* 65 Tex. 258; *Zimmerman v. Judah,* 13 Ind. 286; *Calvert v. Dock Co.,* 2 Keen's Ch. Rep. 639; *Law v. East India Co.,* 4 Vesey, 824. (4) The provisions of the contract that only eighty-five per cent. of the labor done and materials on the ground should be paid to Baker, and fifteen per cent. reserved until the contract was fully performed, were for the protection of the defendants Loeffler and Stoeltzing, as well as the plaintiff. And by paying

Baker in excess of eighty-five per cent. prior to the time stipulated, the plaintiff voluntarily abandoned securities it should have retained for its own protection and the protection of the bondsmen, and violated the contract and can not now be heard to ask that the bondsmen make good to it the money lost through its own noncompliance with terms of its contract. *Calvert v. London Dock Company*, 2 Keen's Ch. Rep. 639; *Taylor v. Jetter*, 23 Mo. 244; *Ryan v. Morton*, 65 Tex. 262; *Law v. East India Company*, 4 Vesey, 824. (5) The damages allowed were grossly excessive. See foregoing authorities.

*Sam C. Major, Jr., R. C. Clark* and *Draffen & Williams* for respondent.

(1) There was no variance between the contract pleaded in the petition and that shown on the trial. The bond sued on recites a contract dated July 1, 1887, and it is expressly provided that changes made during the progress of the work should not render void said contract. *Rude v. Mitchell*, 97 Mo. 365; *Ashenbroedel Club v. Finlay*, 53 Mo. App. 256. (2) No objection was made or exception taken on the ground of variance before the referee, or in the circuit court. No affidavit was filed as required by the statute, and the point is made for the first time in this court. It comes too late, even if there was any foundation therefor. *Fischer v. Max*, 49 Mo. 404; *Brown v. Railroad*, 31 Mo. App. 661; *Wells v. Sharp*, 57 Mo. 56; *Ely v. Porter*, 58 Mo. 158; *Meyer v. Chambers*, 68 Mo. 626. (3) As the contractor was not required to do any work in this case, except such as was provided for by the terms of the contract, there was no change in the contract available to the surety as a defense. *Ashenbroedel Club v. Finlay*, 53 Mo. App. 256; *Western Building and Loan Associ-*

*ation v. Fitzmorris*, 7 Mo. App. 283; *Hayden v. Cook*, 52 N. W. Rep. 165; *Consaul v. Sheldon*, 52 N. W. Rep. 1104. (4) No overpayments were made to the contractor during the progress of the work. The contract does not provide that he should be paid such proportion of the contract price, as the material on the ground, and the work done on the building, were to the whole building. (5) "If the court leaves the parties to be governed by their understanding of their own language, it, in effect, enforces the contract as actually made. That they should be so permitted to construe their own agreement, accords with every principle of reason and justice." *St. Louis Gas Light Co. v. St. Louis*, 46 Mo. 121; *Patterson v. Camden*, 25 Mo. 13; *Sedalia Brewing Co. v. Sedalia Water Works Co.*, 34 Mo. App. 49. (6) The parties stipulated that the amount of material furnished upon the ground and the work done on the building should be ascertained by the superintendent's estimate, and, when so ascertained, eighty-five per cent. thereof should be paid to the contractor. In the absence of fraud, these certificates were conclusive, and the county was compelled to pay eighty-five per cent. thereof to the contractor. *Wyckoff v. Meyers*, 44 N. Y. 143; Lloyd on Building and Buildings, p. 20; *Williams v. Railroad*, 112 Mo. 463. (7) The referee found, as a fact, that the payments made each month, were eighty-five per cent. of the material furnished on the ground and work done on the building during the preceding month. His findings as to a matter of fact will not be interfered with or disturbed by this court. *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389; *Vogt v. Butler*, 105 Mo. 479. (8) The contract was not altered or changed. The giving up of a security held by the county, by reason of a failure to retain a sufficient proportion of the price, should not be held admissible under the allegation that the contract had been altered and

changed.    This defense was not admissible under the pleadings.    *Pitts v. Congdon,* 2 N. Y. 352.

GANTT, P. J.—This is a suit on a bond executed by the defendant, Baker, as principal, and the other defendants, as his securities, conditioned for the performance of a contract to build a courthouse at the city of Fayette, made by him with the county court of Howard county.

The defendant, Baker, on the first day of July, 1887, entered into a written contract with said court to furnish the material and construct said courthouse, according to certain plans and specifications prepared by the architects, and made part of the contract, for which he was to receive the sum of $32,942.

The only clauses in this contract, necessary to be considered in the determination of the questions of law, presented by the sureties upon said bond are, *first,* the one providing for changes during the progress of the work; and, *second,* the provision therein as to the manner of making payments to the contractor.

The contract in the second clause of the second paragraph provides that the county court, through the architects, "might make any alteration desired in the specifications, and should have the right and power to make any such change or changes, *and that the same should it no way injuriously affect or make void the contract;*" but that the difference for work omitted should be deducted from the amount of the contract, by fair valuation, and for additional work required by any alteration, the amount should be agreed upon before commencing the additions, and that the agreement should state the extension of time, if any, to be granted by reason thereof.

The stipulation as to the manner of payment is as follows:

"Eighty-five (85) per cent. *on the amount of the material furnished on the grounds, and work done on the building on the first of each and every month*, as work shall progress; and the remaining fifteen (15) per cent. to be paid when the building is fully completed and accepted. All payments to be made *on the superintendent's estimate of material furnished and labor performed*, and indorsed by the county court and certified to by the architects."

At the time this contract was entered into, the defendant, Baker, as principal, and his codefendants, as his securities, executed the bond sued on to plaintiff, Howard county, in the penal sum of $65,884, subject to the condition, that, whereas, Samuel B. Baker had contracted with the county of Howard, in the state of Missouri, to furnish the material and construct the courthouse building, as planned, drawn and specified, for the county aforesaid, for the sum of $32,942, by contract dated July 1, 1887, if the said Baker should duly perform said contract, said obligation to be void, otherwise the same to remain in full force.

The petition sets out the bond, and the condition above recited, which stated that the contract was dated July 1, 1887; and for breach thereof alleges, that the said Baker did not perform his said contract, but after he had partly erected the walls of the building, and performed other work thereon, he abandoned the same, and left the house unfinished and incomplete, and that the plaintiff was compelled to complete said building, and in doing so necessarily laid out and expended the sum of $11,771.73, in excess of the amount for which said Baker, by his said contract, had covenanted and agreed to erect said courthouse, and asked judgment for the penalty of the bond, and that execution issue for the damages assessed. Nothing is said in the petition about an alteration in the work,

made October 1, 1887, as to the lintels of some of the windows. No objection was taken before the referee, or in the trial court, as to any variance between the contract pleaded in the petition, and that shown by the evidence.

The answer of defendant, Baker, is a general denial. The other defendants, his sureties, admit the execution of the bond, deny the other allegations of the petition, and allege "that the plaintiff and Samuel B. Baker altered the terms, conditions and stipulations of the contract for the performance of which said bond was given as security, and which alterations were made without the consent of these defendants. On account of which, the defendants were relieved of all liability on such bond, if such liability ever existed." The replication denies this allegation.

The case was tried, by consent, by a referee, D. D. Duggins, Esq. The plaintiff upon the trial showed that Baker began work upon the building, under his contract, in July, 1887, and continued to work thereon in the months of August, September, October, November and December in said year; that he did not work after December, 1887; and finally abandoned the same, after the foundation had been laid, and when the walls had been erected to the top of the windows in the second story; that the county, in April, 1888, took charge of the building and was compelled to complete the same, and that, in doing the work left unfinished by Baker, and which he ought to have done under his contract, necessarily expended $9,050.97 in excess of the amount for which Baker had contracted to build said courthouse.

It was shown, upon the defendant's part, that on October 1, 1887, the county court of Howard county and defendant Baker made a written agreement, changing from stone to railroad iron the window lintels, upon

which the "I" beams would rest, and that Baker should receive one dollar for each window lintel so changed. This agreement was in writing, and duly signed before the change was made, and was in exact accordance with the provisions of the original contract in reference to such alterations during the progress of the work.

It is shown that there was paid to the contractor, Baker, by the plaintiff, the aggregate sum of $21,363.06, which was a greater proportion of the contract price than the materials furnished and the work done by Baker were of the entire materials and work necessary to erect the building. It further appears that the payments were made upon the first of each month, and that each payment was eighty-five per cent. of the monthly estimate. These estimates were offered in evidence, and show that on the first day of each month, the superintendent made an itemized estimate of the material furnished on the grounds, and the work done on the building, which was indorsed by the county court and certified to by the architects, and filed with the county clerk, and that, thereupon, eighty-five per cent. of the amount of the materials furnished on the ground and the work done on the building, as shown by said estimate, was paid to the contractor. There was no proof offered that any payment was made in excess of the eighty-five per cent. of the estimate of the superintendent, and although each and ever one of the itemized estimates was in evidence, there was no effort made to show that any one of them was excessive or in any respect irregular or improper. There was no allegation in the pleadings of, and no attempt to show, any fraud in making the estimates. The referee found, as a fact, that the payment made each month was only eighty-five per cent. of the work done and material furnished.

The referee found and reported that the plaintiff

had sustained damages in the sum of $9,050.97, and
was entitled to judgment for the penalty of the bond
with an award of execution for the damages aforesaid
and for costs.

The defendants, Loeffler and Stoeltzing, filed their
exceptions to the report, assigning as grounds therefor
that the finding of the referee as to the damages sus-
tained by the plaintiff was contrary to the evidence
and the law; that the amount of the damages assessed
by the referee was excessive; that the plaintiff paid an
unreasonable price to finish the courthouse after it was
abandoned by Baker; that the plaintiff paid to Baker,
without the consent of the other defendants, more than
he was entitled to receive under his contract, and that,
if he had only been paid the sums to which he was
entitled under his contract, a balance sufficient to have
completed the courthouse would have remained in
plaintiff's possession; that the evidence showed that·
the plaintiff and Baker had altered the terms of the
contract without the consent of the defendant in this,—
that the plaintiff had paid Baker $10,000 more than he
was entitled to receive under his contract, and that
they had substituted railroad iron for stone lintels in
some of the windows of the courthouse.

These exceptions were urged before the circuit
court, and overruled, and judgment entered upon the
findings of the referee, and in accordance with the
recommendations of his report.

The defendants in due time filed their motion for a
new trial, and also, their motion in arrest of judgment,
both of which were overruled, and they brought the
case to this court by appeal.

I.   The contention of the appellants that there was
a variance between the contract pleaded as of date June
1, 1887, and that shown on the trial grows out of the fact,
that the county court and the contractor, by virtue of

the stipulation to that effect in the contract itself, made a change as to the window lintels, on October 1, 1887, from stone to railroad iron, the court agreeing to pay a dollar for each window so changed; but it is a clear misconception of this change to call it a change of the contract; on the contrary it was a scrupulous compliance with the terms of the contract. The contract stipulated for the change and when made, it was as much a part of the agreement as if it had been inserted at first. It, in no sense, changed the obligation of the contractor or his sureties. *Rude v. Mitchell*, 97 Mo. 365; *Ashenbroedel Club v. Finlay*, 53 Mo. App. 256; *Hayden v. Cook*, 52 N. W. Rep. 165–167. Moreover, this point was not made before the referee or in the circuit court. No affidavit of surprise was filed in the circuit court. The objection comes too late in this court, as it can not be claimed to be an entire failure of proof. *Fischer v. Max*, 49 Mo. 404; *Meyer v. Chambers*, 68 Mo. 626.

II.   It is next insisted that the sureties are released from their undertaking in the bond, because they claim that the county court overpaid the contractor during the progress of the work; that the provisions relative to the payments were for the benefit of the sureties, and the county court voluntarily abandoned security it should have retained. The stipulation of the contract on this subject was, that the court "should pay eighty-five per cent. *on the amount of material furnished on the grounds and work done on the building*, on the first of each month, *as the work progressed*, and this per cent. should be ascertained, upon the estimate of the superintendent, certified by the architects and indorsed by the court."

The appellants seek now to interpolate a new provision or element in the estimate, namely, that the court should not, at any time, have paid more than

eighty-five per cent. of the amount that the work done and material furnished *bore to the whole cost of the building.* But this would have been an unauthorized change in the contract.

It might have been that the contractor could not build the house for the amount of his contract, but it would not justify the court in violating its agreement with him to pay him eighty-five per cent. of the materials furnished and work done each month.

The contract is plain and unambiguous, and there is no room to place upon it the construction contended for. Had the county court placed such a construction on it, pending the building, it might have offered the contractor a very convenient excuse to abandon his contract, as he subsequently did, without it.

The payments were made on the estimates of the superintendent. In the absence of fraud, of which there is no evidence whatever, his certificate was conclusive on the parties. *Williams v. Railroad,* 112 Mo. 463. The referee found as a fact the payments were made each month as the contract required and his findings have the effect of a special verdict. *Wiggins Ferry Co. v. Railroad,* 73 Mo. 389; *Vogt v. Butler,* 105 Mo. 479.

While we have construed the contract just as the parties all did, we do not think the answer of the sureties properly raises this defense. An answer merely averring a change in a contract does not tender a defense that plaintiff had negligently or wrongfully given up a security held by it, in failing to retain a sufficient proportion of the contract price. There is no hint or suggestion in the answer that the sureties would claim that plaintiff had made payments in excess of the agreement, or prematurely, and that they were thereby injured. *Hayden v. Cook,* 52 N. W. Rep. 167; *Pitts v. Congdon,* 2 N. Y. 352. *Taylor v. Jeter,* 23 Mo.

251, is plainly distinguishable from this case in the facts upon which it was decided. While the courts are disposed to guard the rights of sureties very jealously they are not authorized to misconstrue the plain terms of a contract to do so.

If these sureties desired that a certain per cent. of the price should be paid when a certain proportion of the building was completed, they should have had such a stipulation placed in the contract in lieu of the one that was inserted, but it is very clear the county court of Howard county could not interpolate such a provision, nor can this court. The difficulty lies in the contract they made, and not in any wrong done by plaintiff. Finding no error, the judgment of the circuit court is affirmed. All the judges of this division concur.