WEBER *et al.* v. COLLINS *et al.*, *Appellants.*

139 501
'169 ⁵243

Division One, June 8, 1897.

1. **Mechanic's Lien:** FINDING OF FACTS: FAILURE TO APPEAL: APPELLATE PRACTICE. Plaintiffs sued to enforce a mechanic's lien and obtained only a general judgment, from which defendants appealed. The finding of the trial court that plaintiffs were not entitled to a mechanic's lien, having not been appealed from by plaintiffs, is not reviewable in this court.

2. **Appellate Practice**: FINDINGS OF REFEREE. The finding of a referee on questions of fact, in cases in which the parties are entitled to a jury trial, will be presumed by the appellate court to be correct where there is substantial evidence to sustain it.

3. **Evidence**: GENERAL STRIKE. A contract for building a house provided that the contractors should forfeit $5 per day from a certain day until the house was completed if such delay were not caused by "inclement weather" or "a general strike." *Held*, that a strike in twenty-five of the twenty-eight planing mills of the city from June 15 to August 8, from some of which the contractors had agreed for the purchase of the material for the house, was a general strike within the meaning of the contract, it being apparent that the parties did not contemplate that the material would be purchased outside the city.

4. ――――: INCLEMENT WEATHER: WEATHER SIGNALS: STATUTE. To prove inclement weather the records of the United States Signal Service office at St. Louis are competent evidence under section 4844, Revised Statutes 1889; and it is also competent for the official observer at such office, who kept the record, to refresh his memory by reference to it, in testifying as to the character of the weather, the temperature and amount of rainfall.

5. **Contract**: PRINCIPAL AND AGENT. A principal may be charged with liability on a contract made in his behalf, although his interest be not disclosed or known at the time to the other contracting party.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Collins & Jamison* for appellants.

(1)  The referee admitted illegal and incompetent evidence against the objections of the defendants. *Carthage Marble Co. v. Bauman*, 44 Mo. App. 386. (2)  There is no evidence tending to show that the defendant, M. R. Collins, Jr., was a party to the contract and it was error, therefore, to render judgment against him.  *Carthage Marble Co. v. Bauman*, 44 Mo. App. 386; *Squires v. Fithian's Adm'r*, 27 Mo. 134; *Bridwell v. Clark*, 39 Mo. 170.  (3)  The judgment is

excessive, and the referee erred in not charging plaintiffs for more delay in finishing the building. (4) It was error to render judgment against both defendants. (5) The court erred in not sustaining defendants' motion to make reply more definite and certain. (6) The court erred in referring this case to a referee without the consent of defendants.

*Lubke & Muench* for respondent.

(1) The defendant, Monroe R. Collins, Jr., was properly held to be a party to the contract between plaintiffs and his wife. If he was a "real party in interest," an undisclosed principal, then his liability is precisely the same as if his name had been signed to the contract, and this, whether plaintiff had or had not cause to suspect that said Collins was also a principal. *Nichols v. Kern*, 32 Mo. App. 1; Story on Agency, sec. 270; *Higgins v. Dellinger*, 22 Mo. 400; *Briggs v. Munchon*, 56 Mo. 467. (2) Thus this question became merely one of fact, as to which the referee's finding, equivalent to a special finding, is conclusive, if supported by any legal proof. *Lingenfelder v. Wainwright*, 103 Mo. 578; *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389. The referee's finding is well supported by the evidence. (3) As to damages for delay in completing the house, we contend that appellants were treated by the referee with quite sufficient liberality. There was no proof whatever as to the rental value of the building. The amount fixed in the contract is a mere penalty. It is doubtful, therefore, that appellants were entitled to more than nominal damages. *Railroad v. Cochran*, 113 Mo. 359. (4) The evidence of a general strike is quite ample. The language of the contract must mean a "general strike" in the locality where the work is to be performed, not a strike throughout the entire country.

MACFARLANE, J.—The suit is by plaintiffs, as contractors, against Clara S. Collins, Monroe R. Collins, husband of the said Clara, and Robert E. Collins, upon a balance of an account for building a dwelling house, and to establish and enforce a mechanic's lien upon the land and building for the contract price.

The petition charges, in substance, that plaintiffs furnished the materials and constructed a dwelling house, on Lindell avenue in the city of St. Louis, under a contract with defendant Clara S. Collins, in behalf of herself and her husband and codefendant, Monroe R. Collins. The contract price was $11,369.52 and extras to the amount of $69, making a total of $11,438.52. Credits for $8,000, are admitted, leaving an alleged balance due of $3,438.52.

The petition further charges that at the time of making the contract the title to the land, upon which the building was constructed, was vested in Esther Collins, the mother of the said defendant, Monroe R. Collins, who had agreed to give the lot to her daughter-in-law, the said Clara, for a home, and that she did put her and her husband in possession thereof for the purpose of constructing the building. That said Esther Collins thereafter died leaving the legal title in defendants, her sons, Monroe R. Collins and Robert E. Collins. General judgment is also asked against the said defendants Clara S. and Monroe R. Collins.

The answers of Monroe R. and Robert S. Collins were general denials. The answer of defendant Clara S. Collins, in addition to a general denial set up that the building was constructed under a special contract, which required its completion by the fifteenth of September, 1892, and provided for a forfeiture of $5 per day for delays, unless for causes specified. That the building was not completed until April 15, 1893, making two hundred and two days' delay, amounting to

$1,010, which she asked to have deducted from the contract price. The reply admitted the delay but claimed they were unavoidable from and for causes excepted under the contract.

The case went to a referee, who stated the account as follows:

| | |
|---|---:|
| Unpaid balance of contract price | $3,369.52 |
| Extra | 5.00 |
| | $3,374.52 |
| Less balance on account of delay | 372.00 |
| | $3,002.52 |

The referee found that plaintiffs were not entitled to a mechanic's lien, but that the contract for the improvement was made in the name of Clara S. Collins for herself, and as agent for her husband, and recommended a general judgment against them both for the amount found to be due. Exceptions to the report were filed and overruled and judgment was rendered in accordance therewith. From the judgment the defendants alone appeal.

The finding of the referee being against the mechanic's lien, and plaintiff not appealing, that issue, which was the most important one tried, is not for consideration on this appeal.

Defendants assigned but two errors. *First,* it having been shown that the house was delivered two hundred and two days after the date fixed by the contract for its completion, plaintiff did not show adequate cause for the delay allowed them by the referee. *Second,* Monroe R. Collins is not shown to be personally liable to plaintiff upon the contract made by his wife, Clara S. Collins.

Both these propositions challenge the correctness of the finding of facts by the referee. It is well settled, under the decisions of this court, that the finding

of the referee on questions of fact, in cases in which the parties are entitled to jury trial, stands as a special verdict of a jury, and where there is substantial evidence to sustain it, the appellate courts will presume that the "whole evidence was properly weighed and the requisite effect given it. *The Wiggins Ferry Co. v. Railroad*, 73 Mo. 420; *Hardware Co. v. Wolter*, 91 Mo. 488; *Howard Co. v. Baker*, 119 Mo. 397.

The contract provided that the time for completion of the building should be extended if plaintiff was unavoidably delayed in its construction by any "general strike," or by "inclement weather." Plaintiff, by reply to defendant's counterclaim, confessed the delay of two hundred and two days, but alleged that it was caused by general strikes and by inclement weather. Evidence was introduced by plaintiff tending to prove that the delay was unavoidable on account of the causes so specified in the contract. It was shown that the operatives of the planing mills in the city of St. Louis were on a strike from June 15, to August 8, 1892. There were twenty-eight of such mills and only three of them were in operation and they were unable to secure skilled labor. By reason of this strike plaintiffs were unable to have the necessary material for the building prepared.

Defendant's counsel insists that this was not a "general strike" within the meaning of the contract. The referee thought differently, and we quite agree with him. Mill work, such as was required to be done for the construction of this building, could only be prepared under special orders, and some considerable time was required to fill them. It could not have been contemplated by the parties that such material would be prepared by foreign mills when so many were in operation in the city. Indeed plaintiffs had already contracted with the Crescent Planing Mills for the prepa-

ration of most of the materials before the strike commenced. The strike of the operatives in the mills in St. Louis was general and I am of the opinion that the strike was general within the contemplation of the parties to the contract.

There was also substantial evidence tending to prove delays caused by inclemency of the weather. The finding of the referee as to the extent of the delays on this account is conclusive upon us if the evidence was competent. In order to prove the character of the weather, the temperature and rainfall, plaintiff called as a witness the official observer of the United States Signal Service office at St. Louis. Plaintiff objected to the competency of the testimony of this witness for the reasons that he acquired his information from the records of the office and did not testify from his personal knowledge. We are of opinion that the records themselves would have been admissible as evidence of the character of the weather. The record is required to be kept by the laws of the United States. They are official, and a statute of the State provides that "all records . . . . . . . kept in any public office of the United States, . . . . . . . not appertaining to a court, shall be evidence in this State." R. S. 1889, sec. 4844. It was certainly competent for the officer who kept the record to refresh his memory by a reference to it.

Defendant complains chiefly of the finding of the referee that Monroe R. Collins is personally liable for the balance found to be due upon the building contract, and to the general judgment of the court against him. There is no dispute that the contract was signed by Clara S. Collins alone, but the referee finds, as a fact, that her husband, Monroe R. Collins, was the real party interested, and his wife was merely acting as agent for him when she entered into the agreement with plaintiffs. If his finding of fact is correct, the

conclusion of law therefrom is also correct, for the law is well settled that a principal may be charged with liability, on a contract made in his behalf, though his interest be not disclosed or known at the time to the other contracting party. The following observations of Baron Parke have been twice, at least, quoted with approval by judges of this court: "There is no doubt," he says, "that where such an agreement is made, it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract on the one hand to, and charge with liability on the other, the unnamed principals; and this, whether the agreement be or be not required to be in writing by the statute of frauds; and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom, on the face of it, it purports to bind; but shows that it also binds another, by reason that the act of the agent, in signing the agreement in pursuance of his authority, is in law the act of the principal." *Higgins v. Senior*, 8 Mees. & W. 844; *Higgins v. Dellinger*, 22 Mo. 399; *Briggs v. Munchon*, 56 Mo. 472; *Kelly v. Thuey*, 102 Mo. 528.

Counsel does not seriously controvert the legal conclusion of the referee if the proof warrants it, but he insists that, in this case, there was not sufficient evidence to justify the conclusion of fact that Monroe R. Collins was the principal, in whose behalf the contract was made, and his wife, who signed it, did so as his agent.

It appears from the evidence that Esther Collins, the mother of said defendant Monroe R. Collins, owned a considerable tract of land on Lindell avenue, and the house was built upon it without any understanding that she would convey it to her daughter-in-law, the

said Clara. The survey for the house was ordered by, and was made for, Monroe R. Collins. The contract price for the house was over $11,000. Yet the wife in whose name the contract was made had no means whatever with which to pay for it. According to her own testimony she expected to borrow the money, but left that important matter entirely to her husband. She executed no notes or mortgages for borrowed money. She did not know how or from whom it was borrowed. Most of the payments on the building were made by Monroe R. Collins out of money held by him as agent for his mother. He made repeated declarations to others that he was building a residence. Before the completion of the house he had it insured in the name of his mother, his wife and himself. His mother afterward died and the title became vested in himself and brother. The brother made a deed to him of his interest and not to his wife. The title was never transferred to his wife. In about a year after defendants moved into the house it was burned, and in the proof of loss all the defendants state under oath that the building belonged to him alone.

Monroe R. Collins had been a real estate agent in St. Louis for fifteen years, in good standing so far as appears. He knew the condition of the title of the land upon which the building was erected. He knew that upon the death of his mother he and his brother would inherit the land and buildings. We can not believe that he would borrow money in the name of his wife, who was entirely without means, to improve property to which she had no title, and to which she had no ground to believe that she would afterward secure the title. We can not believe that he would so defraud his wife by placing a debt upon her for which she would receive no benefit, defraud the one from whom the money was borrowed by representing the

Callaway Co. v. Henderson.

property as belonging to his wife, and defeat the just claim of plaintiffs who expended their money and labor in making the improvements. We think the evidence fully justifies the finding of the court upon this question of fact.

The judgment is affirmed. ROBINSON and BRACE, JJ., concur.

BARCLAY, P. J., concurs because, under the rules of law admitted to be applicable and the facts as found by the referee, the circuit judgment was correct, and the findings of fact by the referee are conclusive on appeal in an action of this sort.