HAWKINS v. BURRELL et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. BUILDING CONTRACTS — PAYMENTS — AMOUNT RETAINED — ABANDONMENT — EFFECT.

> Where the contract for building a house contains a provision that from time to time payments to the amount of 80 per cent. of the value of the work done might be made, and that the remaining 20 per cent. should be paid when the completed work was accepted, and the contractor abandoned the work before completion, a subcontractor could have no claim on the 20 per cent. of the value of the work done by the contractor before quitting which had been retained by the owner, since such 20 per cent. never became due under the contract.

2. SAME—CONSTRUCTION—PAYMENTS.

> A provision in a building contract that the contractor shall be paid, during the progress of the work, from time to time, 80 per cent. of the value of the work done, requires such 80 per cent. to be computed on the value of the job when complete, as measured by the contract price, and not on the actual cost of the labor and materials which have gone into the work when the payment is made.

Appeal from special term, Kings county.

Action by George A. Hawkins against Frederick A. M. Burrell, impleaded with others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William M. Sullivan (George V. Brower, Horatio C. King, John J. Kohn, Shirley & Smith, and John E. Roeser, on the brief), for appellant.

John H. Kemble, for respondents.

HIRSCHBERG, J. This is an action to foreclose a mechanic's lien filed by the plaintiff as a subcontractor against some premises in Brooklyn whereon the defendants A. & E. Gariepy were under contract to construct a house for the owner, the defendant Burrell. The contract for the erection of the building was executed on the 20th day of April, 1900, and required the contractors to do the work and furnish the materials for $20,176, and to complete the contract on or before the 15th day of December, 1900. No time was specified for payments, but the contract contemplated that payments would be made from time to time, provided a certificate should be obtained from the architect to the effect that payments were due; the provision for payment being that the owner would pay the contractors the $20,176 "in manner following: As the work proceeds, a sum equal (in the opinion of the architect), with previous payments, to eighty per cent. of the value of work done, and the balance of twenty per cent. when the work is completed and accepted by the architect." The plaintiff's lien was filed on the 15th day of October, 1900, but the contractors had quit the job and abandoned the work 10 days before. They had then been paid $10,500 on the contract, and it cost the owner $9,651 to complete the building, making a total of $20,151, or $25 less than the con-

tract price. The learned trial court allowed this small item for the benefit of the plaintiff, and also an item of $125 for extra work performed by the contractors, but the plaintiff appeals from the judgment, and asserts that there was due to the contractors at the time the lien was filed a considerable sum in excess of the amount which had then been paid to them, and that to such excess his lien attaches. The case, however, was correctly decided. The contract was broken by the contractors, not by the owner. It appears that the contractors had overlooked some items in making their estimate, and they found in September that it would cost them $24,000 to do the work. They notified the owner of that fact, and that they could not and would not complete the contract unless the price was raised. They were willing to complete the work for $24,000, or for whatever it might actually cost them, but not otherwise. One of the firm testified:

"We wanted the contract price increased that much or else we would finish at net cost without anything for us into it. They would not consent to do that, and then we quit."

Under such circumstances the subcontractor could have no lien upon the 20 per cent. retained, because it never became due under the contract. Kelly v. Bloomingdale, 139 N. Y. 343, 34 N. E. 919.

But the plaintiff claims, as I have said, that more was due the contractors than they had been paid at the time of the filing of the lien, and it may be that, if that be so, the lien attaches. Foshay v. Robinson, 137 N. Y. 134, 32 N. E. 1041. This claim rests on the contention that the 80 per cent. mentioned in the contract should have been computed upon the actual cost of the labor and materials performed and furnished by the contractors, and not upon the value of such labor and materials in relation to the contract price. The contention is unsound. The contract price fixes the value of the completed work, and 80 per cent. of the "value of work done" as the work proceeds relates to the value of such partial work as measured by the value of the completed work. On any other theory the contractors might be entitled to the entire contract price in the middle of the work, provided they were doing the work at such a loss as to make 80 per cent. of what the work then cost them equal to the entire contract price. Such a construction of the contract would be unreasonable, if not absurd. In any event no payment was required without the architect's certificate, such certificate was refused because in the opinion of the architect no payment was due, and the final result has shown that the payments which were made amounted to a little more than 80 per cent. of the value of the work done on the basis herein suggested as correct.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.