NATIONAL SURETY COMPANY *v.* LONG.

Opinion delivered January 20, 1908.

1. APPEAL—OPINION ON FORMER APPEAL.—The opinion of this court upon a former appeal, whether right or wrong, is the law of the case, and not open for review. (Page 161.)

2. BUILDING CONTRACT—CONSTRUCTION.—A building contract which contained a stipulation that the purchase money should be paid in installments according to the architect's estimates, which installments were to be 75 per cent. of the value of the work done and materials furnished and incorporated in the building, and that the remaining 25 per cent. should be paid after the building was completed and accepted, contemplated that 75 per cent. of the value of the work done and materials furnished and incorporated in the building should be paid in installments, even though the amounts paid exceeded 75 per cent. of the contract price. (Page 161.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*W. S. McCain,* for appellant.

The decision of this court on former appeal is the law of this case, and the case was then reversed, on the grounds, first, that appellee had made payments to Humphreys without estimates having been made by an architect or superintendent, and second, that he had paid $4,908.59, whereas, under the terms of the contract, $3,750.00 was the maximum amount he was authorized to pay—the building being only three-fourths completed. As there found, the true standard of value in making the estimates is the contract price, and that question can not now be renewed. 69 N. Y. App. Div. 462; 31 N. Y. Super. 283; 79 Ark. 475.

*S. H. Mann, P. D. McCulloch* and *Murphy, Coleman & Lewis,* for appellee.

With reference to payments, the contract plainly states that "installments are to be seventy-five per cent. of the value of the work done and materials furnished and incorporated in the building." In construing the contract the words used are to be taken in their ordinary and popular sense, unless the context shows that they are to be understood in a different sense. In this case, if the contract price had been intended, the parties

could easily have expressed it so. Black on Interpretation, 15; 9 Cyc. 578, 583.

The clause with reference to payments provides for two separate things, *i. e.* installment payments during the progress of the work, and final payment on completion of the building, and there are two distinct limitations as to payment, one that three-fourths of the value of work and materials shall be paid as the work progresses, and the other that not exceeding three-fourths of the contract price shall be paid before the building is completed. To confound the language used in one stipulation with that used in the other would be to make a contract for the parties which they themselves did not make. 119 Mo. 397. The fact that on former appeal the cause was remanded for a new trial, instead of dismissing it, makes it plain that it was not meant to decide that the estimates for installments due should be based on the contract price.

2. The contract did not require Long to employ an architect or superintendent, and it was competent for him to act as such himself. And the fact that payments were made without the certificate of an architect would not relieve the surety unless the payments exceeded the amount stipulated in the contract and bond. 148 N. Y. 241.

HILL, C. J. This is the second appeal of this case. The judgment heretofore obtained by Long against the Surety Company was reversed July 2, 1906, the case being reported in 79 Ark. 323 (*National Surety Company* v. *Long.*) Every question raised by the appellant now save one was disposed of in the former appeal, either expressly or *sub silentio*. The majority of the court then found on the facts as developed in that trial that Long had violated this clause of the contract, viz: "The said party of the first part agrees to pay to the party of the second part for said work the sum of six thousand six hundred dollars ($6,600), the contract price, to be paid in installments according to written estimates to be made by the architect or the superintendent as the work progresses, payments to be made not oftener than as allowed in the bond, and said installments are to be seventy-five per cent. of the value of the work done and materials furnished and incorporated in the building, the remaining twenty-five per cent. of said contract

price to be paid by the party of the first part to the party of the second part in ten days after the building is completed and accepted."

Mr. Special Judge CARMICHAEL, speaking for the majority of the court, showed from the evidence, as they understood it, that Long had overpaid the contract price, and then took up the overpayments for work, labor and material in the building, and said that the payments made were "more than 100 per cent. of the work, labor and material incorporated into the building and material on the ground."

Concluding the discussion of this phase of the case, he continues: "The evidence is not sufficient on this point to sustain the verdict. Where there is nothing to do but make additions of figures, and the verdict is contrary to the results so obtained, the verdict is not supported by the evidence."

The opinion shows that the case was reversed upon this point and one other. On rehearing, a majority of the court was against the opinion of the special judge on the other point, and left only a reversal on the facts. Judge CARMICHAEL, stating the result on rehearing, said: "But a majority of the court are still of the opinion that, under the evidence, as set out in the record, there was a substantial breach of the contract and bond by the appellee herein, as set out and expressed on other points in the original opinion, and therefore, feeling that no injustice would be done by a reversal of the case, the motion for rehearing is denied." This left the reversal only upon the facts, showing, as understood by a majority of the court, that Long had paid more than 75 per cent. of the value of the work done and materials furnished and incorporated in the building.

It is argued here now that this clause in the contract meant the payment of more than 75 per cent of the contract price. Had the court adopted that construction, necessarily the case would have been dismissed, because it was undisputed upon that trial that the payments were more than 75 per cent. of the contract price. The dispute was, whether it was more than 75 per cent. of the value of the work done and the material furnished and incorporated in the building. Two of the judges of the court at that time thought that the evidence did not bear the construction placed upon it by the majority, and that there

was sufficient evidence to sustain the verdict that not more than 75 per cent. of the value of the work and material had been paid. But, as shown by the two opinions of the special judge, the majority of the court did not so construe the evidence, and therefore they thought that no injustice would be done by a reversal of the cause, and denied a rehearing. This left open on the new trial the question whether more than 75 per cent. of the value of the work and material had been paid by Long. That question has now gone to the jury with sufficient evidence to sustain the verdict rendered, under proper instructions; the circuit court having taken this view of the meaning of the reversal and submitted this question to the jury.

It is denied that this construction of the former opinion, taken by the circuit court upon the second trial, was the correct one; and it is also earnestly and forcibly insisted that in any event this is an erroneous construction of the contract.

There are two answers to this argument: The first one is that the former decision, be it right or wrong, is the law of this case, and it is not now open for the court to change the law of the case, whatever might be its views hereafter, should another case arise. This somewhat tedious review of the former case has been made in order to show that this was the construction then placed upon the contract by the court. The second answer is, the court is satisfied that this is the true construction for future cases as well as this one.

Exactly the same question was raised in *Howard County* v. *Baker*, 119 Mo. 397, and the same conclusion was reached by the Missouri court that was reached by this court heretofore and now. It is true that this clause does not contemplate that there should be a material divergence between 75 per cent. of the contract price and 75 per cent. of the value of the work and materials furnished and incorporated in the building. The contract was evidently drawn in the contemplation that these terms would be, as they should be, identical. But in this case, and it may happen in many others, these terms were not identical. The "contract price" and "value of labor and materials furnished" may be widely separated. In this case the value of the work and material was over $3,000 more than the contract price. Therefore, where these two standards are different, it

becomes necessary to see which must control; and there is no better or sounder rule to observe than to follow the language of the contract itself.

It first agrees that the contract price shall be paid in installments, according to written estimates made by the architect or the superintendent, as the work progresses. This is a certain, definite and sensible agreement. Then there is another certain, definite and sensible agreement that the installments are to be 75 per cent. of the value of the work done and materials furnished and incorporated in the building. It would have saved many words, if the other construction was the correct one, to have said that the said installments were to be 75 per cent. of the contract price. But that is not said; and it is expressly stipulated that the 75 per cent. is to be the value of the work done and materials furnished and incorporated in the building. The next clause provides that the 25 per cent. remaining of the contract price is to be paid ten days after the building is completed and accepted. This evidently contemplates that, after paying 75 per cent. of the value of the work and materials, there should still remain 25 per cent. of the contract price; and this is as it should be. But all things are not as they should be; and this is a case where it is the misfortune of some one that the contract price and the value of the work and materials were radically different. There are three provisions in this clause, each of them definite and certain of itself; and it is the duty of the court in construing them to give each its proper force and meaning; to harmonize them if possible; if not, to give each the meaning which proper construction requires.

Affirmed.

Mr. Justice BATTLE dissents.

Mr. Justice McCULLOCH was disqualified.