BURROUGHS and others, Appellants, vs. JOINT SCHOOL DISTRICT No. 2, TOWN OF RICHLAND AND CITY OF RICHLAND CENTER, Respondent.

*December 11, 1913—January 13, 1914.*

*Contracts: Construction: "Value:" Proportional payments on building contract: Practical construction: Appeal: Disposition of cause: Taking further evidence.*

1. The term "value" usually means market value, but if such meaning, when applied to a particular contract or conditions growing out of it, leads to results clearly not contemplated by the contract, and it is susceptible of another meaning which harmonizes all the provisions of the contract, such other meaning should be given to it.
2. In a building contract providing for payment in each month of "a sum equal to ninety per cent. of the value of the work done and material furnished during the preceding month, as assessed by the architects," the word "value" is construed to mean, not market value, but *contract value,* i. e. the proportional value of the work and material, based upon the contract price.

3. The fact that under such construction of the contract the own-
ers had overpaid the contractors, does not show a practical
construction of the contract, where upon discovery of such
overpayment further payments were refused.
4. A practical construction will not be deemed to have been given
to a contract by the parties in the absence of knowledge of
the facts and circumstances to which that construction re-
lates.
5. In an action upon a building contract and for extras, where
plaintiffs had ample opportunity at the trial to present evi-
dence as to all their claims, and it was stipulated that affirm-
ance on appeal of the judgment entered should end the litiga-
tion, the cause will not, upon such affirmance, be sent back
for the taking of further evidence.

APPEAL from a judgment of the circuit court for Richland
county: GEORGE CLEMENTSON, Circuit Judge.   *Affirmed.*

Plaintiffs entered into a written contract with defendant
to build a school house for the agreed price of $44,467.28,
exclusive of heating, plumbing, and ventilating, as per plans
and specifications accompanying the contract.   The specifi-
cations contained a provision that "once in each and every
month during the progress of the work the owners shall pay
to the contractor a sum equal to ninety (90 %) per cent. of
the value of the work done and material furnished during
the preceding month, as assessed by the architects, and the
balance thirty days after the completion of the building ac-
cording to this specification.   Provided that for each of said
payments the contractor shall obtain from the said architects
a certificate signed by them setting forth that the said pay-
ment is properly due."   After the work had progressed for
some time and after the defendant had paid plaintiffs the
sum of $28,948.90, it refused to make further payments on
the ground that plaintiffs had been paid ninety per cent. of
the portion constructed, based upon the contract price.   The
plaintiffs claimed that they had furnished labor and material
of the value of $41,426.48 and that they were entitled to be
paid ninety per cent. of such sum, and that by reason of the

refusal of the defendant to pay such ninety per cent. they were compelled to abandon the contract. They sue for the difference between what has been paid them and the value of the labor and material furnished by them as above stated, together with certain amounts claimed due on another cause of action, not pertinent to any question raised by the appeal.

The trial court found, upon practically undisputed evidence, that at the time plaintiffs abandoned the construction of the building it was only seventy per cent. completed, in value, and that the reasonable cost of completing it by the defendant was the sum of $14,702.80. It held as a conclusion of law "That the true construction of that part of the specifications relating to payments is that the value at any time of work done and material furnished must be determined upon a proportional basis—that is, it should be the value relative to and proportional to the contract price." Judgment was awarded to the plaintiffs for the difference between the contract price and the sum of what the defendant had paid plaintiffs and the reasonable cost of completing the building, which difference amounted to $815.58. From such judgment the plaintiffs appealed.

*J. E. Higbee* and *Levi H. Bancroft,* for the appellants.

For the respondent there was a brief by *P. L. Lincoln* and *Jones & Schubring,* and oral argument by *Mr. Lincoln* and *Mr. B. W. Jones.*

Vinje, J. The whole controversy turns upon whether the word "value" in the specification quoted in the statement of facts means market value or contract value. By contract value is meant the value of the material and work furnished based upon the contract price and not upon the market value of the same, if that differs from the contract value. When a building, whose component parts are determined in detail as to form, size, and material by exact drawings and specifications, is agreed to be constructed for a specified sum,

each component part has a value proportional to and based upon the contract price. From such plans and specifications and contract price a supervising architect can determine with substantial accuracy the value of the work and material that have gone into the building at any stage of its erection. The trial court held that the contract value and not the market value of the work and material furnished each month was meant, and that since only seventy per cent. of the value of the building was completed by the plaintiffs, and they had been paid the sum of $28,948.90 on a contract price of $44,467.28, they had been paid ninety per cent. of the value of the material and work furnished by them. The plaintiffs claim they had furnished material and labor of the market value of $41,426.48 and that they were entitled to receive ninety per cent. of such sum.

Usually the term "value" means market value, and in the absence of circumstances showing that another meaning shall be given it, such customary meaning will control. But if it be found that such meaning, when applied to a particular contract, or conditions growing out of it, leads to results clearly not contemplated by the contract read as a whole, and it is susceptible of another meaning which harmonizes with all the provisions thereof, such other meaning must be held to have been within the contemplation of the parties when they entered into it.

If it be true, as plaintiffs claim, that the market value of the work and material was $41,426.48 in completing seventy per cent. of the value of the building which they agreed to build for $44,467.28, and that they were entitled to receive ninety per cent. of the market value of the work and material furnished each month, then they, at the same relative cost for the balance of the building, would be entitled to receive the whole contract price long before they completed it. That such was not the intention is clear from that part of the specification which reads, "and the balance thirty days

after the completion of the building according to this specification." It is a rule in the construction of a contract that, if possible, effect should be given to every part of it. Under plaintiffs' construction and the conditions shown, this part of the contract with reference to the payment of the balance would be annulled. It seems clear from the whole contract that it was the intention of the parties to provide for the payment of ninety per cent. of the value of the work and material furnished each month based upon the contract price, and that the balance should stand as a guaranty of the faithful performance of the contract on the part of the plaintiffs till thirty days from its completion. Such construction gives full force and effect to every part of the contract and leads to no absurd results. It enables the supervising architect who is to furnish the certificate, by an inspection of the work done and material furnished each month, to ascertain its proportional value based upon the contract price, without having to inform himself what the market value of each kind of material and labor is for such month. It gives the builder each month ninety per cent. of what he has put into the building measured by what he is to receive for it when completed, and leaves a guaranty of ten per cent. for faithful performance as contemplated by the contract. Under such a construction it is immaterial whether the market value is above or below the contract value, as the builder each month receives his *pro rata* amount. Under a contrary construction he might receive the full contract price before the completion of the building, or he might, if the market value was much less than the contract value, be compelled to forego receiving from fifteen per cent. to twenty per cent. or more of the contract price till after the expiration of thirty days from the completion of the building. In coming to this conclusion we have not overlooked the cases of *Howard Co. v. Baker,* 119 Mo. 397, 24 S. W. 200, and *Nat. S. Co. v. Long,* 85 Ark. 158, 107 S. W. 384, holding to the contrary. They

seem to do so upon the sole ground that value means market value irrespective of context or of other provisions of the contract. For cases bearing upon the question in which it has been held that relative or contract value is meant under somewhat similar contract provisions, see *Fidelity & D. Co. v. Agnew,* 152 Fed. 955; *Kelley v. Syracuse,* 10 Misc. 306, 31 N. Y. Supp. 283; *Hawkins v. Burrell,* 69 App. Div. 462, 74 N. Y. Supp. 1003.

No practical construction of the contract binding upon the parties was given it by the fact that defendant overpaid plaintiffs. When such overpayments were discovered further payments were refused. There can be no sound basis for a claim of practical construction in the absence of knowledge of the facts and circumstances to which the construction relates.

Plaintiffs contend the case should in any event be sent back for the taking of further evidence either by the court or a referee upon their claims for extras and upon the cost of completing the building by the defendant. It appears, however, from the record that they had ample opportunity to present such evidence upon the trial. Cases cannot be tried piecemeal. The circuit judge was justified in including in his findings of fact the statement, "Should the supreme court affirm the judgment entered upon these findings, it was further stipulated that that should end this litigation."

A number of other questions are discussed in the briefs, but owing to the construction placed upon the contract they become immaterial.

*By the Court.*—Judgment affirmed.