W. A. MORTON et al., Respondents, v. MANCHES-TER INVESTMENT COMPANY, Appellant.

**Kansas City Court of Appeals, June 13, 1914.**

REAL ESTATE BROKERS: Undisclosed Principal: Exchange of Property: Corporations: President. A corporation owned a leasehold interest in real property and an individual owned a farm. A contract to pay a real estate broker a commission for exchanging these properties was signed by the president of the corporation who owned all but two of the shares of stock, the signature was in his individual name. The contract for the exchange was signed in the same way. But the deed to the leasehold was made by the corporation and the deed to the farm was made to the corporation and the evidence showed that the president, though not signing officially the first two contracts, was acting throughout for the corporation. It was *held* that the corporation was liable for the commission.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Edward C. Wright* and *Edw. W. Patterson* for appellant.

(1) The doctrine of undisclosed principal has no application to the facts of this case, and instruction No. 2 was an erroneous statement of the law as applied to the facts in evidence. Packing and Produce Company v. Tucker, 8 Mo. App. 95; Schepflin v. Dessar, 20

Mo. App. 569; Sessions v. Block, 40 Mo. App. 572; 31 Cyc. 1570, "Principal and Agent." (2) The doctrine of ratification has no application to the facts of this case, and hence the court erred in permitting Krekel's alleged statements to go to the jury on the statement of counsel that it was ratified. 16 Cyc. pp. 1251-52, "Principal and Agent;" 1 Am. & Eng. Encyc. of Law (2 Ed.), p. 1188, title "Agency;" Herd & Son v. Bank of Buffalo, 66 Mo. App. 643; Bank of Commerce v. Bernero, 17 Mo. App. 313. (3) The agreement signed by Albert Krekel upon which a recovery was allowed, was without consideration, and hence the court erred in refusing defendant's peremptory instruction. 9 Cyc. p. 308, title "Contracts;" 9 Cyc. p. 347, title "Contracts;" Lingenfelder v. Brewing Co.; 103 Mo. 578, 15 S. W. 844; Lappin v. Crawford, 186 Mo. 471; Koerper v. Investment Co., 102 Mo. App. 551.

*Dwight M. Smith* and *Ross B. Gilluly* for respondents.

(1) Doctrine of undisclosed principal, and instruction No. 2 given by the trial court, applicable to facts in evidence. Kelly v. Thuey, 143 Mo. 438; Ferris v. Thaw, 72 Mo. 450; Jones v. Williams, 139 Mo. 23; Lewis v. Publishing Co., 77 Mo. App. 434; Weber v. Collins, 139 Mo. 507; Cyclopedia of Law and Procedure, Vol. 31, p. 1579; Clark & Skyles on the Law of Agency, Vol. 1, Sec. 462; Reinhard on Agency, Sec. 332; Mechem on Agency, Sec. 699; Lingenfelder v. Leschen, 134 Mo. 64-65. (2) Proper to show ratification by Manchester Investment Company of contract signed by its president for its use and benefit. Common Sense M. & M. Co. v. Taylor, 247 Mo. 26-27; Plummer v. Knight, 156 Mo. App. 323-343. (3) Contract sued upon supported by good and sufficient consideration. Given v. Corse, 20 Mo. App. 132; Carr v. Card, 34 Mo. 513; Steele v. Johnson, 96 Mo. App. 147; Lingenfelder

v. Leschen, 134 Mo. 63; Cyclopedia of Law and Procedure, Vol. 9, p. 311. (4) Admissions and testimony of Mr. Kreckel, president of the Manchester Investment Company, properly admitted in evidence. Phillips v. Railway Co., 211 Mo. 440; State v. Packing Co., 173 Mo. 650; Pitts v. Steele Merc. Co., 75 Mo. App. 221; Northrup v. Insurance Co., 47 Mo. 435; Cyclopedia of Law and Procedure, Vol. 10, p. 915; The Modern Law of Evidence (Chamberlayne), Vol. 2, Sec. 1294; Cyclopedia of Law and Procedure, Vol. 16, p. 984; Lingenfelder v. Leschen, 134 Mo. 64-65.

ELLISON, P. J.—This action is to recover commission on an exchange of property owned by defendant for property known as the Davis farm in Coffey County, Kansas. The action is on a written agreement to pay $1000 if the exchange was made and judgment was rendered for plaintiff for that sum.

It appears that the property owned by defendant was a ninety-nine year lease on property at the southwest corner of 8th and Charlotte streets in Kansas City, Missouri. Albert Krekel, for all practical purposes, is the defendant. That is to say, defendant is a corporation and Krekel owned all but two shares of the stock, and was president of the corporation. The agreement to pay plaintiff the commission sued for is in Krekel's name and is signed by him.

The contract for the exchange was also signed by Krekel without designating himself as President, or as acting for defendant. But when the deal was consummated, the leasehold interest was conveyed by defendant and the Kansas farm was deeded to defendant. And the evidence affirmatively shows that Krekel was acting for defendant throughout the transaction. In such circumstances the real party in interest may be made liable to an action for the commission. And the court instructed the jury that if this evidence was believed the defendant was liable. The instruction was

correct. [Jones v. Williams, 139 Mo. 1; Kelly v. Thuey, 143 Mo. l. c. 438; Ferris v. Thaw, 72 Mo. 446, 450; Lewis v. Pulitzer Pub. Co., 77 Mo. App. 434; Weber v. Collins, 139 Mo. 501, 507.]

Defendant seeks to escape liability on the facts stated by the mere fact that the agreement employing plaintiff for $1000 and the contract for the exchange was in Krekel's name and that plaintiff knew defendant was the owner of the lease. Those facts presented no impediment to the contract being for defendant. Certain it is that defendant consummated the transaction by transferring the lease and accepting a deed to the farm, and, as already said, there was direct evidence that Krekel was acting for it throughout. Quoting from Jones v. Williams above cited: It was not necessary that the authority of Krekel "should have been recited in the contract, or that the corporate name should have been signed to it, or that an official designation" should have been added to the signature.

There is a class of cases, many of them cited by defendant, where an agent tenders himself as the principal in a contract and he is accepted as such by the other party, and the rule is stated that the agent, thus transformed into a principal, is the only party liable. But while there may have been some evidence to sustain defendant's theory, the fact, under proper instruction has been found against him.

Objection is made to the action of the court in permitting acts of ratification to be shown. The case was not submitted to the jury on that theory and we cannot discover where any possible harm could have resulted to defendant.

In a case so clearly made out in plaintiff's favor as is this, we are wholly disinclined to disturb the judgment for a matter that reasonably could not affect the result.

We think there is no substance to the objection that the agreement sued upon is without consideration. And the same may be said of the point that Krekel's declarations should not have been admitted as against the defendant.

The judgment was manifestly for the right party and is affirmed.

All concur.