OZAN LUMBER COMPANY v. BIDDIE.

Opinion delivered November 2, 1908.

1. CORPORATIONS—POWERS.—Corporations possess only those powers or properties which the charters of their creation confer upon them, either expressly or as incidental to their existence; and these may be modified or diminished by amendment or extinguished by the repeal of their charters, under the powers reserved to the State by sec. 6 of art. 12 of the Constitution. (Page 590.)

2. CORPORATIONS—CHARTER.—Under Const. 1874, art. 12, § § 2, 6, providing that "the General Assembly shall pass no special act conferring corporate powers," and that "corporations may be formed under general laws," the general laws under which a corporation is formed constitute its charter. (Page 591.)

3. SAME—VALIDITY OF FELLOW SERVANTS ACT.—The act of March 8, 1907, making railroad and mining companies, whether incorporated or not, and all other corporations, liable for injuries to a servant by the negligence of a fellow servant, is, as to corporations, a reasonable exercise of the right reserved by art. 12, § 6, of the Constitution to alter corporate charters. (Page 593.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*McRae & Tompkins* and *D. L. McRae,* for appellant.

1. The risk of injury was assumed by appellee. The evidence is undisputed that the sawyer cannot always judge where to hit the log with the "nigger," and under the proof this was a risk which could not be provided against. Such accidents as this are always likely to happen, as appears by the evidence;

and, if the company was liable for the acts of the sawyer, there was no evidence of negligence to submit to the jury. There was no charge of negligence in running the carriage too fast alleged in the complaint. The act of 1907, upon which appellee relies, requires the allegation of the complainant that he was at the time in the exercise of due care, and the complaint so alleges. Such being the case, appellant was entitled to an in-struction upon the theory that if the injury was caused by the negligence of both parties then appellant was not liable. 69 Ark. 134. Neither was it liable if the evidence failed to show whose negligence caused the injury.

2. The act of 1907 relied on by appellee is unconstitutional. It violates art 2, § 18, Const. Ark., and the 14th Amendment, Const. U. S. Corporations are persons within the meaning of this amendment. 118 U. S. 396; 165 U. S. 154; 15 Johns. (N. Y.) 353; 13 Fed. 743; 118 U. S. 394; 47 L. R. A. 338. While having the power to make reasonable classification and impose liabilities and restrictions upon all persons of a certain class, legislatures may not make arbitrary classifications nor impose unreasonable restrictions. 127 U. S. 205; 170 U. S. 283; 60 L. R. A. 308; 68 *Id.* 622; 168 Ind. 671; 175 U. S. 348; 62 L. R. A. 412; 8 *Id.* 419; 14 *Id.* (U. S.) 420; 49 Ark. 325; 183 U. S. 79; 165 U. S. 150; 40 Minn. 249; 104 N. W. 1079. Railroad corporations, on account of the public and hazardous nature of their business, may be subject to special legislation and separate classification. 173 U. S. 404. But to hold all corporations subject to such legislation, under the power to amend the charter of corporations, is contrary to the weight of authority. 62 L. R. A. 407; 62 Am. St. Rep. 177; 8 Cyc. 1066; 47 L. R. A. 338; 95 U. S. 319. See, also, 75 Ark. 542; 12 L. R. A. (U. S.) 1040.

*J. O. A. Bush,* for appellee.

The act is constitutional. The Mississippi case, 62 L. R. A. 407, which appears to be the leading case relied on by appellant, is not in harmony with the weight of authority, and especially not in harmony with decisions of this court, two of which, indeed, it criticises. 58 Ark. 440; 64 Ark. 83. Our court does not recognize a corporation as on an equality with a human being under the law, as does the Mississippi case, but

simply as a creature of the Legislature, with no powers except those conferred by the Legislature. 69 Ark. 521. And our court bases the right to legislate entirely on the corporate character of the employer. 15 Wall. 459; 127 U. S. 205 and Rose's notes. The Colorado statute, almost if not quite identical with ours, has been held valid. Session Laws, Col., 1901, c. 67; 36 Col. 498.

BATTLE, J. The Ozan Lumber Company is a domestic corporation, doing a general sawmill business, with its principal place of business and offices at Prescott, in Nevada County, Arkansas.

Frank Biddie brought an action against it, and alleged in his complaint, in part, as follows:

"That on the 28th day of May, 1907, the plaintiff was in the employment of the defendant, working at its sawmill at Prescott and was setting 'dogs'; that plaintiff was in the exercise of due care; that the defendant had at that time in its employment as sawyer one Mr. Schenks, who, in placing a log on the carriage, or in turning it on the carriage with a steam 'nigger,' through carelessness, negligence and incompetence threw the log over the guards and struck plaintiff's right hand, mashing, wounding and bruising his middle finger and other parts of his right hand; that from said injury he has suffered and will continue to suffer great physical pain; that said injury will permanently impair plaintiff's ability to earn money and obtain employment, and greatly disfigure his person. The plaintiff has suffered damage by reason of said injury in the sum of one thousand dollars;" and asked for judgment for that amount against defendant.

The defendant answered and denied the material allegations of the complaint.

Evidence was adduced in the trial of the action tending to prove the following facts: Plaintiff was in the employment of the defendant in May, 1907, working at its sawmill, and was setting what was called "dogs," a part of the machinery used in sawing logs. A man named Schenks was also employed by the defendant in the operation of the sawmill, and was sawyer. The plaintiff and Schenks were engaged in operating a carriage on which logs were moved to and from the saw, plaintiff using

the dogs, and Schenks another part of the machine called the "nigger." They had a crooked log upon the carriage, one half of which had been sawed. While the carriage was running rapidly Schenck made two or three ineffectual efforts to turn the log and finally threw it over the guards on the hand of plaintiff and mashed his fingers, while he was holding the dog lever. Plaintiff was in the exercise of due care. Schenck was guilty of negligence in failing to stop the carriage after making two efforts to turn the log and failing, and in using too great force in turning it, and in throwing the log over the guards and mashing plaintiff's hand.

Was plaintiff injured through the carelessness of Schenck? This question was submitted to the jury upon correct instructions by the court, and they returned a verdict in favor of plaintiff for $750; and the defendant appealed.

The verdict of the jury was sustained by evidence. But appellant says Schenck was a fellow servant of appellee, and appellant was not responsible for the consequences of his negligence.

The act entitled "An act to give right of action against an employer for injuries or death resulting to his agents, employees or servants, either from the employer's negligence or from the negligence of some of his other employees, servants or agents, and to repeal all acts and parts of acts in conflict herewith," approved March 8, 1907, provides as follows:

"That hereafter all railroad companies operating within this State, whether incorporated or not and all corporations of every kind and character, and every company, whether incorporated or not, engaged in the mining of coal, who may employ agents, servants or employees, such agents, employees, or servants being in the exercise of due care, shall be liable to respond in damages for injuries or death sustained by any such agent, employee or servant, resulting from the careless omission of duty or negligence of any other agent, servant or employee of said employer, in the same manner and to the same extent as if the carelessness, omission of duty or negligence causing the injury or death was that of the employer." Acts 1907, page 162.

Appellant contends that the act is unconstitutional, because it violates section 18 of article 2 of the Constitution of Arkan-

sas, which is as follows: "The General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens." Also of the Fourteenth Amendment of the Constitution of the United States, which provides: "No person shall be deprived of life, liberty or property without due process of law."

The appellant is a corporation, and we need determine the effect of the act only as to corporations.

Corporations possess only those powers or properties which the charters of their creation confer upon them, either expressly or as incidental to their existence; and these may be modified or diminished by amendment or extinguished by the repeal of their charters.

Section 2 of article 12 of the Constitution of this State provides: "The General Assembly shall pass no special act conferring corporate powers," etc.; and section 6 of the same article provides: "Corporations may be formed under general laws, which laws may from time to time be altered or repealed" etc. Under these sections the general laws under which a corporation is formed constitutes its charter. *People* v. *Chicago Gas Trust Co.*, 130 Ill. 268, 285; Morawetz on Private Corporations, (2 Ed.) § 318. The Constitution specially provides that these general laws can be altered or repealed. As they form a part of the charter, the amendment or repeal of them operates as an amendment or repeal of the charter. *Durand* v. *New Haven, etc., Co.*, 42 Conn. 211; 1 Thompson on Corporations, § 94.

The Constitution of this State expressly imposes a limitation upon the power to amend or revoke the charter of a corporation. Section 6 of article 12 of the Constitution further provides: "The General Assembly shall have power to alter, revoke or annul any charter of incorporation now existing and revocable at the adoption of this Constitution, or any that may hereafter be created, whenever in their opinion it may be injurious to the citizens of the State, in such manner that no injustice shall be done the corporators."

The reserved power to amend a charter, in the absence of an express limitation, must be exercised upon terms that are just and reasonable. In *Shields* v. *Ohio,* 95 U. S. 319, 324, Mr.

Justice Swayne, in delivering the opinion of the court, says: "It is urged that the franchise here in question was property held by a vested right, and that its sanctity, as such, could not be thus invaded. The answer is, *consensus facit jus.* It was according to the agreement of the parties. The company took the franchise subject expressly to the power of alteration or repeal by the General Assembly. There is, therefore, no ground for just complaint against the State. * * * The power of alteration and amendment is not without limit. The alterations must be reasonable; they must be made in good faith, and be consistent with the scope and object of the act of incorporation. Sheer oppression and wrong cannot be inflicted under the guise of amendment or alteration."

In *Sinking Fund Cases,* 99 U. S. 721, Chief Justice Waite, in delivering the opinion of the court, after quoting the last two sentences of the foregoing quotation, says: "The rules as here laid down are fully sustained by authorities."

In *New York & New England Railroad Company* v. *Bristol,* 151 U. S. 556, 567, it is said: "A power reserved to the Legislature to alter, amend, or repeal a charter authorizes it to make any alteration or amendment of a charter granted subject to it which will not defeat or substantially impair the object of the grant, or any rights vested under it, and which the Legislature may deem necessary to secure that object or any public right." Citing *Close* v. *Glenwood Cemetery,* 107 U. S. 466, 476; *Spring Valley Waterworks* v. *Schottler,* 110 U. S. 347; *Pennsylvania College Cases,* 13 Wall. 190; *Tomlinson* v. *Jessup,* 15 Wall. 454; *Wilmington Mining Co.* v. *Fulton,* 205 U. S. 60.

It is obvious that this power to amend charters of corporations is in force under the Constitution of this State with the same limitation. It was virtually so held in *Leep* v. *Railway Co.,* 58 Ark. 435. In that case, after a review of authorities, it is said: "It is obvious that the Legislature cannot, under the power to amend, take from corporations the right to contract; for it is essential to their existence. It can regulate it when the interest of the public demand it, but not to such an extent as to render it ineffectual, or substantially impair the object of incorporation." *St. Louis, I. M. & S. Ry. Co.* v. *Paul,* 173

U. S. 404, 408, 409; *Union Sawmill Co.* v. *Felsenthal,* 85 Ark. 346, 353, 354.

The amendment to charters of corporations made by the act in question makes the employer liable in damages for injuries or death sustained by one of its employees through the negligence of a fellow servant. Is this not a reasonable amendment to the charters of corporations? Why should not the employer suffer the consequences resulting from the negligence of his employee, instead of the employee who is injured by such negligence? The employee has no control over his fellow servant, did not employ him, and cannot discharge him. The employer employs, can control and discharge him. The act does not make him liable for such damages unless the employee is at the time in the exercise of due care. Acts of legislatures imposing such liability on railroad companies have been upheld by the courts on account of the hazardous character of the business of operating a railway. The only difference in the reason for such acts and the act in question is the danger of the service of railroads is greater than that of other corporations; a difference in degree and not in kind. We think the act in question is constitutional as to corporations.

The appellant does not deny, but tacitly concedes, that it was organized under the provisions of the present Constitution of the State.

Judgment affirmed.