## CAMERON *v*. FENTON.

### Opinion delivered October 5, 1925.

1. VENDOR AND PURCHASER—INNOCENT PURCHASER—NOTICE OF DEFECTS.—To overcome a plea of innocent purchaser, it was only necessary to show that the purchaser had actual knowledge of the defects in his vendor's title, or had notice of such facts and circumstances as would put a man of ordinary intelligence and prudence on inquiry, which, if diligently pursued, would lead to such knowledge.

2. VENDOR AND PURCHASER—NOTICE TO PARTNER.—Notice of a defect in the title to land to one partner is notice to and binds the firm which purchased the land.

3. VENDOR AND PURCHASER—NOTICE OF DEFECT.—Evidence *held* to sustain a finding that a partnership, in purchasing land, had actual notice of the rights of a prior purchaser of standing timber.

4. APPEAL AND ERROR—ISSUE NOT RAISED BELOW.—An issue not raised by the pleadings nor determined by the court below will not be decided on appeal.

Appeal from Little River Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This suit was brought in the chancery court by W. O. Fenton against J. T. Cameron to foreclose a vendor's lien for $1,500 for the unpaid purchase price of the merchantable timber on a certain tract of land in Little River County, Arkansas. J. R. Hooten and Ada Mills were made defendants to the suit on the ground that they claimed to have a lien on the same timber, and plaintiff asks that his lien be declared superior to the lien claimed by them.

The facts, so far as they are material to the issues raised by the appeal, are that on the 27th day of January, 1922, W. D. Waldrop executed and delivered to W. O. Fenton and A. A. Donham a timber deed to the merchantable timber on the land described in the complaint. The deed provides that the grantees shall have until the first day of January, 1924, to remove the timber. On the 10th day of January, 1923, W. O. Fenton executed to J. T. Cameron a deed to the merchantable timber on

said land, and it also contained a stipulation that the grantee should have until the first day of January, 1924, to remove said timber.

On the 29th day of January, 1923, W. D. Waldrop executed and delivered to J. T. Cameron a warranty deed to said land and reserved in it a vendor's lien for the purchase money, in the sum of $1,500. On the 3rd day of April, 1923, a written contract was entered into between J. T. Cameron and W. O. Fenton, in which it was expressly agreed to give to Fenton until the first day of December, 1924, the right to remove the timber from said land, and this was called an "extension agreement." The agreement was duly signed by the parties and acknowledged by J. T. Cameron before a notary public. It was not filed for record until the 10th day of January, 1924. In the meantime, on December 21, 1923, J. T. Cameron conveyed said lands by deed to Ada Mills, as trustee for the Wilton Lumber Company, a partnership, composed of Joel Mills, Ada Mills and J. R. Hooten. It was stipulated in the deed that the land was purchased subject to the rights of W. O. Fenton for the purchase of the timber on said lands.

According to the testimony of W. O. Fenton, J. R. Hooten read the extension contract and knew that his time for removing the timber had been extended by it until the first day of December, 1924. The defendants also knew that J. T. Cameron owed him for the timber. J. R. Hooten denied any knowledge of the so-called extension contract at or before the time the land was purchased by the Wilton Lumber Company from J. T. Cameron. The testimony on this phase of the case will be more particularly stated in the opinion.

The chancellor made a specific finding that J. T. Cameron owed W. O. Fenton $1,500 and the accrued interest, and that Fenton had a lien upon the timber on said land for said amount. The chancellor also specifically found that the Wilton Lumber Company was a partnership composed of Ada Mills, Joel Mills and J. R. Hooten,

and that they acquired said land with notice of, and subject to, all the rights of W. O. Fenton.

From an adverse decree against them in favor of the plaintiff, the defendants have duly prosecuted an appeal to this court.

*Dulaney & Steel,* for appellant.

*Shaver, Shaver & Williams,* for appellee.

HART, J., (after stating the facts.) It appears from the record that W. D. Waldrop sold the timber in question to W. O. Fenton and A. A. Donham. Fenton paid Waldrop for the timber, and as between these parties there is no dispute but that the timber was owned by Fenton. Under his original agreement with Waldrop, Fenton had until the first day of January, 1924, within which to remove the timber. After he purchased the timber, Fenton sold it to J. T. Cameron for $1,500 and took his note for the purchase money. No part of this amount has been paid by Cameron or any one for him. On the 3rd day of April, 1923, Fenton and Cameron entered into an agreement in writing extending the time for removing the timber by Fenton until the first day of December, 1924. This contract was signed and acknowledged by J. T. Cameron, but was not filed for record until the 10th day of January, 1924. The Wilton Lumber Company purchased said timber from Cameron on December 21, 1923.

The chancellor found the Wilton Lumber Company to be a partnership composed of Joel Mills, Ada Mills and J. R. Hooten, and the undisputed testimony shows this to be a fact. The chancellor also found that the partnership had notice of the rights of Fenton to remove the timber at the time it purchased the land and timber from Cameron.

On this point W. O. Fenton was a witness for himself. According to his testimony, he showed his contracts, including the extension contract, to Hooten in November, 1923, before the Wilton Lumber Company purchased the land. J. R. Hooten at first admitted that he had signed the so-called extension contract; but later on in his testi-

mony denied that he had signed it and explained that he was referring to the original contract whereby Fenton had purchased the timber from W. D. Waldrop.

The court found that the defendants had notice of the rights of Fenton. The extension contract, which was executed on the 3rd day of April, 1923, expressly provides that Fenton should have until the first day of December, 1924, within which to remove the timber.

In the deed from J. T. Cameron to Ada Mills, trustee, appears the following:

"The grantee herein buys said land subject to the right of the grantor in the contract with W. O. Fenton for the purchase of the timber on said lands, and reserves the right to remove all timber that is cut into lumber by said date, mentioned in said contract, or January 1, 1924, it being understood that there are no other outstanding contracts affecting said timber, after said date, and that the timber remaining on said lands not removed therefrom, that is not cut into timber, shall be the property of the grantee herein."

This deed is dated December 21, 1923. The grantees in this deed knew that Fenton had not removed the timber from the land at the time they purchased it. Indeed, their reason for purchasing the land was to get the timber on it. Judge Waldrop told them that Fenton had paid him for the timber on the land, and that he was entitled to it. The deed from Cameron to Ada Mills, trustee, distinctly recognizes the rights of Fenton under his timber deed.

It is true that J. R. Hooten and Ada Mills claim that this stipulation refers to the original contract whereby Fenton acquired title to the timber from Judge Waldrop. It will be noted, however, that, by the terms of the original contract, the time limit for removing the timber by Fenton was January 1, 1924, and the deed from Cameron to Ada Mills, trustee, was December 21, 1923. It would hardly have been necessary to have made such a specific provision recognizing the rights of Fenton to remove the timber for this short space of time. Under all these cir-

cumstances it cannot be said that the chancellor erred in finding that the Wilton Lumber Company had knowledge of the extension contract whereby Fenton was given until the first day of December, 1924, for the removal of the timber. See *Krow & Neumann* v. *Bernard,* 152 Ark. 99. In that case it was held that, to overcome a plea of innocent purchaser, it was only necessary to show that the purchaser had actual knowledge of the defects in his vendor's title, or had notice of such facts and circumstances as would put a man of ordinary intelligence and prudence on inquiry, which, if diligently pursued, would lead to such knowledge.

This case also holds that notice to one partner is notice to all and binds the firm. Therefore, notice to Hooten of the rights of Fenton in the extension contract amounted to notice to all the partners and bound them all.

Counsel for the defendants also seek to invoke the doctrine of subrogation.

We do not deem it necessary to state the facts upon which this right is based, or even to discuss it. No such issue was raised by the pleadings or determined in the chancery court. Therefore, we now decline to pass upon the question. *Desha Bank & Trust Co.* v. *Quilling,* 118 Ark. 114; *Burke Construction Co.* v. *Board of Improvement of Paving District No. 20,* 161 Ark. 433.

It follows that the decree must be affirmed.