Coca-Cola Bottling Company v. Shipp.

Opinion delivered June 25, 1928.

*R. R. Lynn, June P. Wooten, Lee & Moore* and *Robinson, House & Moses,* for appellant.

*Bogle & Sharp, Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellee.

McHaney, J. This is the second appeal of this case. On the former appeal the judgment was reversed and dismissed on the ground that appellee was guilty of contributory negligence as a matter of law, which prohibited a recovery. On rehearing, the cause was reversed and remanded for a new trial for the error of the court in permitting the city ordinance of North Little Rock, relative to lights on automobiles, to be introduced, and for

giving instructions 1 and 5 referring thereto. In the opinion on rehearing, the former judgment of this court, holding appellee guilty of contributory negligence as a matter of law, was set aside, the final judgment being that the question of contributory negligence was one for the jury, in that such negligence was a question about which fair-minded men might honestly differ as to the conclusion to be drawn from the facts in the case. The former opinion will be found reported in 174 Ark. 130, 297 S. W. 856.

As to the question of the negligence of the appellant, both the original opinion and that on rehearing conceded that the facts were sufficient to take that question to the jury, and were sufficient to justify a finding by the jury that appellant was guilty of negligence, and, as heretofore stated, the opinion on rehearing held that the question of the contributory negligence of the appellee was one for the jury. The facts in the case now before us are substantially the same as those on the former appeal, both with reference to the negligence of appellant and the contributory negligence of appellee, and we will not repeat them here. The opinion of the court on the former appeal, both as to the negligence of appellant and the contributory negligence of appellee, including the question of the proximate cause of the injury, constitute the law of the case so far as this appeal is concerned. It is now urged on this appeal that the proximate cause of the injury was the bright lights of the approaching automobile, which caused appellee to turn his car to the right, thereby striking the parked truck of appellant, but this matter was necessarily concluded against appellant on the former appeal. We there said:

"In the case at bar the question of the contributory negligence of the plaintiff, as well as the question of the negligence of the defendant, was a question that should have been submitted to the jury under proper instructions, because his contributory negligence was a matter about which fair-minded men might honestly differ."

Again, in the same case it is said:

"This court therefore recognizes that it is a question for the jury to determine whether the injured party was in the exercise of due care; whether he was guilty of contributory negligence. And certainly it will not be contended that any person would intentionally run into a truck where injury would certainly follow. But the disposition of every rational person, as said by the California court, is to avoid injury. And whether he exercised ordinary care is a question of fact."

Therefore, in determining and holding that the question of contributory negligence of appellee was a question to be submitted to the jury, on proper instructions from the court, necessarily carried with it the question of the proximate cause of the injury. For if this court, on the facts then before it, which are the same in this regard as the facts in the case at bar, had decided that the bright lights of the approaching car were the proximate cause of the injury, there could have been no question of contributory negligence to submit to the jury. Hence this point has already been decided against appellant, and is the law of the case on this appeal.

In *St. Louis, I. M. & S. Ry. Co.* v. *York*, 92 Ark. 554, 123 S. W. 376, this court said:

"The matters which were adjudicated by this court upon the former appeal cannot be retried in the circuit court, nor can they be reviewed upon this second appeal by this court. The questions of law there determined became the law of this case on this subsequent trial and appeal, whether we may now believe them to be right or wrong. The finding of the facts upon the former appeal cannot be binding as to the finding of the facts in this second trial, because the testimony on the second trial might be different from or additional to that given on the first trial. But the principles of law determined and announced upon the former appeal are binding, and must stand as the law of this case; and if the testimony upon this second trial is substantially the same as on the first trial, then the former decision of this court upon all questions of law involved in this case must be followed on this appeal" (Citing cases).

The only question in this case that has given us much concern is the alleged excessiveness of the judgment and verdict. . On the first trial of this case appellee was awarded a verdict of $7,500, and on the second trial he was awarded a verdict and judgment of $17,500. Appellee, on the former appeal, earnestly urged an affirmance of this judgment, and apparently felt satisfied with the amount of the recovery. Immediately after the injury he was taken to the hospital, where he remained ten days, then went home for ten days, and back to the hospital for another ten days. The second trip to the hospital was for an operation for hemorrhoids. He lost only thirty days then from his work, and was paid half time for that. His injuries were severe and painful. He received a cut in the right thigh or hip, and an injury to his right side. He received a blow on the forehead from which there is a slight scar and a slight bony protuberance, which may be removed by an operation. Some of his teeth were knocked out, from which he is wearing a bridge. He testified that he now has a tired feeling, is nervous to a certain extent, is easily exhausted; that he doesn't sleep well without taking aspirin, is almost completely deaf in his right ear, and that he has a deafness in his left ear; has to wear ear-drums; and that he is troubled with dizziness to a certain extent; that his memory has been impaired, and that he is irritable. At the time of his injury he was working for the Texas Company as a salesman, and his earnings averaged approximately $145 per month, including salary and commissions on sales. Mr. Paul, his superior officer in the Texas Company, testified that at the time of the accident he was drawing a salary of $100 per month and commissions, which would probably average $35 per month, and that he continued to work for the Texas Company until December 15, 1926, but that his commissions on sales didn't average quite as high after the accident as they did before. He was promoted from salesman to local agent after the accident. Immediately after leaving the Texas Company, appellee worked for another oil company at a salary of

$110 per month with a car furnished. Appellee is now in the employ of the Transcontinental Oil Company at a salary of $150 per month, without commissions, and is allowed $2.50 per day for his car. Mr. Peak, manager of the Transcontinental, testified that appellee had been working for his company since June 1, 1927, in a position requiring experience and intelligence, as agent for Little Rock and North Little Rock; that he saw appellee every few days, and that no complaint had been made to him about his physical condition. Neither did Mr. McCoy, who was the agent for the Texas Company, and appellee's immediate superior, know anything about any physical ailments, or any deafness of appellee, and he noticed nothing about appellee that showed him to be unfit for his work; that after his injury appellee was able to drive a truck 100 miles a day. Dr. N. E. Murphey, a reputable physician of Monroe County, was appointed by the judge of the court to make a physical examination of appellee. He testified that he was physically all right, and that he was not suffering from deafness. He testified that the bump on appellee's forehead could be removed by a simple surgical operation. Appellee admitted that he was able to drive his automobile, and had driven it from Little Rock to Clarendon with his family to attend court.

It therefore appears from the undisputed evidence that appellee's earning capacity is as great or greater now than it was at the time of the accident; that he is occupying a more responsible position with his employers, and drawing a larger salary, although his total compensation is only slightly higher than it was at the time of the accident. We are therefore of the opinion that the verdict is excessive, and that it should be reduced to $10,000. If the appellee will, within fifteen days from this date, enter a remittitur of $7,500, the judgment will be affirmed for $10,000; otherwise the cause will be reversed and remanded for a new trial.