AMERICAN RAILWAY EXPRESS COMPANY *v.* COLE.

Opinion delivered April 4, 1932.

*A. M. Hartung* and *Warner & Warner,* for appellant. *D. H. Howell,* for appellee.

McHANEY, J. This is the second appeal of this case. See 183 Ark. 557. Appellee seeks to recover of appellant damages to a car of strawberries shipped from Alma, Arkansas, to Youngstown, Ohio, on May 12, 1929. Three specific grounds of negligence were alleged and relied on for a recovery; first, that there was delay in transportation; second, that an improperly constructed and equipped refrigerator car was furnished; and, third, that the car was not properly iced and re-iced before loading and during transit. There was a verdict and judgment against appellant for $474.91.

On the former appeal we held that there was substantial evidence, sufficient to take the case to the jury, on the question of the icing and reicing of the car. The evidence on this appeal on that question is substantially the same as on the former, and the decision on the former appeal on this question becomes the law of the case on this appeal. *Coca-Cola Bottling Co.* v. *Shipp,* 177 Ark. 757, 9 S. W. (2d) 8.

The court submitted to the jury the question of the negligence of appellant as to delay in transportation and the furnishing of an improperly constructed and equipped refrigerator car, over appellant's objections and exceptions, and refused requested instructions eliminating these questions from the jury's consideration. In these respects the court erred, as there was no evidence to support these declarations. As to the delay in transportation, the undisputed evidence is that the car was loaded and delivered to the carrier at 8:45 A. M., May 12, 1929; that it departed from Alma in Missouri Pacific train 105 at 11:40 A. M. same date, which was the first available train after loading was completed; that it was promptly transported to St. Louis via Little Rock, where it was reiced, arriving there at 7:17 A. M. May 13, where it was again reiced at 9:05 A. M. The movement thus far was by passenger train. While en route to St. Louis, appellee diverted the car to a firm in Cleveland, Ohio, which diversion order was received by appellant at

6:30 A. M. May 13. After reicing, the car moved in the first available train at 2:37 P. M. same date, in Big Four Special for Cleveland, where it arrived at 4:45 A. M. May 14, was placed at 38th Street depot at 5:35 A. M., consignees notified by telephone at 6 A. M. and they accepted delivery at that time, signing the waybill. It was also reiced at that time. On account of the congested condition of the market, consignees did not unload the car, but on May 15 at 2:15 P. M., after advising with appellee by wire, they reshipped the car to themselves at Youngstown. It moved at 9:30 P. M. same date in the first available train and arrived at Youngstown at 11:20 P. M. Consignees were notified in advance of arrival and accepted delivery of the car next morning at 6 A. M. So it will be seen the car moved promptly and on schedule time from the point of origin to destination, and whatever delay there was in Cleveland was caused by appellee and his agents and not by appellant. There was no proof, therefore, of any negligence of appellant in this regard.

As to the car itself, the undisputed evidence is that it was built by the General American Tank Car Company in 1928, was practically a new car, was the latest, most improved and approved passenger refrigerator car known, and was constructed of the best materials and with the best and most experienced labor. It was inspected in the Missouri Pacific shops at Little Rock at the beginning of the berry season in 1929 and found to be in good condition in every respect. It was again inspected by the builder in the fall of 1929 and found to be in good condition with no defects of any kind in its refrigerating apparatus. Its bunker capacity was 12,500 lbs. of ice. There was no proof to show that this car was other than as stated above, so there was no proof that it was defective in any way.

The court therefore erred in submitting the question of appellant's negligence to the jury in these respects because no negligence was shown. The burden was on appellee to do this.

The judgment must be reversed, and the cause remanded for a new trial.