POSTAL TELEGRAPH-CABLE COMPANY *v.* WHITE.

4-3677

Opinion delivered February 18, 1935.

366

■

Samuel C. Bowman, Mann & Mann, Howard L. Kern and Rose, Hemingway, Cantrell & Loughborough, for appellant.

S. S. Hargraves, Winstead Johnson and Fred A. Isgrig, for appellee.

Smith B. Atwood and Edw. B. Downie, amici curiae.

HUMPHREYS, J. This is the second appeal in this case. On the first appeal, the judgment for $10,000 was reversed, and the cause remanded for a new trial, because instruction No. 1, given at the request of appellee, ignored the affirmative defenses of contributory negligence, the assumption of the risk, and the release executed by appellee to appellant; and because instructions two and three, given on behalf of appellee, were in conflict with correct instructions two and four, given on behalf of appellant, relating to contributory negligence and the assumption of the risk.

Upon a retrial of the cause, the errors pointed out by this court in instructing the jury in the first trial were corrected, and the cause was submitted to the jury under instructions which took into account the affirmative defenses of appellant, and which did not conflict one with the other. The facts on the retrial of the cause were substantially the same as on the first trial, and, there being no material difference in the testimony on the two trials of the cause, it is unnecessary to restate the facts in this opinion. Reference for a statement of the facts herein is therefore made to the case of Postal Telegraph-Cable Company v. White, 188 Ark. 361, 66 S. W. (2d) 642. It may be stated in passing that some additional testimony was introduced in this case tending to show that the injury resulting to appellee on account of the collision was of a permanent nature.

The questions of whether the written release under the facts in this case was binding upon appellee as a

matter of law, and whether appellee was barred by delay in repudiating the settlement and release, and whether the accident was inevitable as a matter of law, and whether Clyde White was not the agent of appellant in seizing the steering wheel of the automobile as a matter of law, and whether Clyde White was not the fellow-servant of appellant, as a matter of law, were questions before this court on the former appeal, and this court held that each of these questions involved disputed issues of fact to be determined by a jury, and not by the court. This ruling became and is the law in the instant case.

Appellant contends that the court erred in giving appellee's instruction No. 5, which is as follows:

"You are instructed that if you find that Dr. Bogart was the defendant company's physician, and that he represented to E. A. White, the plaintiff herein, that his injuries were temporary, and that plaintiff would soon recover, and if you further find that the plaintiff relied and acted upon such statements in executing a release to the defendant, and if you further find that Dr. Bogart was mistaken as to the extent and duration of plaintiff's injuries, and that plaintiff is still suffering from his injuries, you are then instructed that the plaintiff would not be bound by the release, and it would be void."

The instruction is criticized on the ground that the evidence reflects that Dr. Bogart was called by appellee, and was not appellant's physician. The evidence is in conflict as to whether Dr. Bogart was appellant's physician, so it was proper to submit that issue to the jury, and it was properly submitted in instruction No. 5. It is also suggested that Dr. Bogart made no mistake in advising appellee that his injuries were temporary. This was also a disputed question of fact, so it was proper to include that issue in the instruction for their determination.

We have examined the instructions given and refused as well as the modification of instruction No. 18, and find no errors therein.

Appellant also contends that the statute, § 7144 of Crawford & Moses' Digest, known as the fellow-servant law, is void, and that this judgment based thereon must be reversed for that reason. It is argued that this law is void, because in conflict with the provision of the Fourteenth Amendment to the Constitution of the United States, which provides that no State shall deny to any person within its jurisdiction the equal protection of the law. This section of the Digest is § 1 of act 175 of 1913, entitled "An act to provide for the liability of corporations and their employees, and for other purposes," and is as follows:

"Every corporation, except while engaged in interstate commerce, shall be liable in damages to any person suffering injury while he is employed by such corporation, or, in case of death of such employee, to his or her personal representatives for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin of such employee, for such injury or death resulting in whole or in part from negligence (of such corporation or from the negligence) of any of the officers, agents or employees of such corporation."

The prototype of this act (§ 3137 of Crawford & Moses' Digest), was said by this court not to offend against the Fourteenth Amendment to the Constitution of the United States more than a quarter of a century ago, and has not been successfully assailed since that time. See *Ozan Lumber Company* v. *Biddie,* 87 Ark. 587, 113 S. W. 796. This act itself was passed in 1913, and has never been successfully attacked as impinging upon the Fourteenth Amendment of the Constitution of the United States. The act has been upheld in numerous cases by this court against the charge that it was repugnant to the equal protection clause of said amendment. *Caddo River Lumber Co.* v. *Grover,* 126 Ark. 449, 190 S. W. 560; *Arkansas Stave Co.* v. *State,* 94 Ark. 27, 125 S. W. 1001; *Aluminum Co. of N. A.* v. *Ramsey,* 89 Ark. 522, 117 S. W. 568.

The reasoning contained in our own cases is sound, and we are not willing to overrule them, because the

courts of some other States have decided contrary to our views. Moreover, it appears from the record in this case that the constitutionality of the act was not raised in the pleadings, nor in the first trial, nor on the first appeal, nor in the second trial in the court below. In fact, on the second trial, appellant conceded the constitutionality of the act by requesting instruction No. 11, which was given by the court. Said instruction, in part, is as follows:

"By the statutes of Arkansas corporations are liable to their servants for the negligence of their fellow-servants * * *."

Certainly appellant estopped itself by these acts from attacking the constitutionality of the act at this late hour in the proceedings. *Cameron* v. *Fenton*, 169 Ark. 372, 275 S. W. 743; *Deming Investment Co.* v. *Citizens' Savings Bank & Trust Company*, ante p. 358. But, if it can be argued that these acts of omission and commission do not estop appellant from asserting the unconstitutionality of the act, and the unconstitutionality of the act raises itself at any stage in the proceedings, it must have raised itself on the first appeal in this case, and, if so, it is now *res judicata* and the law of the case.

Appellant's last contention for a reversal of the judgment is that the verdict is excessive. One argument made is that the first verdict was only $10,000, whereas the verdict in this case is $20,000. As stated above, there is additional evidence in the record now that was not in the first record tending more certainly to show that the injury received in the collision by appellee is permanent in its nature. Dr. Lipscomb testified that appellee has "definite limitations of the spine, which is chronic and permanent." At the time of his injury, appellee was earning $150 per month or about $1,800 per year. He was thirty years of age, and, as he was strong and healthy, necessarily had many years of expectancy. He had earned his living by manual labor, and was not qualified to do any other kind of work. The injury seems to have destroyed his ability to do heavy work, and, in order for him to earn a living for himself and family, he will have to find a light job. The injury caused him

great suffering and pain, and the fair inference from the evidence is that he will continue to suffer pain for the balance of his life. Under these circumstances, we cannot say that the verdict is excessive.

No error appearing, the judgment is affirmed.

SMITH and McHANEY, JJ., concur.