DEMING INVESTMENT COMPANY *v.* CITIZENS' SAVINGS BANK & TRUST COMPANY.

4-3711

Opinion delivered February 18, 1935.

*Bohannon & Olds* and *Coleman & Riddick,* for appellant.

*Coleman & Gantt,* for appellee.

JOHNSON, C. J. Appellant, the Deming Investment Company, is a Kansas corporation engaged in the business of negotiating real estate mortgages. It will be referred to hereafter as the investment company. Appellee, Citizens' Savings Bank & Trust Company, is a Vermont banking corporation and is engaged in that business at St. Johnsbury in that State. It will be referred to hereafter as the bank. This is a mortgage

foreclosure instituted by the bank seeking foreclosure of a mortgage, securing an indebtedness aggregating $18,500, against a plantation situated in Jefferson County comprising approximately 1,240 acres. The contentions urged upon appeal arise out of the following facts and circumstances.

In 1916 one C. C. Harrison, the then owner of this plantation, mortgaged same to the investment company to secure a loan of $20,000 and interest. By the terms of the contract evidencing the debt, it matured on January 1, 1922. Prior to the maturity of this indebtedness, the notes and mortgage securing same were transferred and assigned by the investment company to the bank. At the same time the mortgage and notes just referred to were executed by Harrison, he executed a second mortgage in favor of the investment company to secure the commission which had been earned by the investment company in negotiating the prior loan. In 1921 and immediately prior to the maturity of the debt due the bank, the owner found himself unable to pay the interest or the principal sum then maturing and so advised the interested parties thereof, but no renewal or extensions were granted by either the first or second mortgagees. Default having been made by the owner, the bank filed a foreclosure suit in the Jefferson Chancery Court, which subsequently progressed to a judgment and decree. At this juncture, by mutual consent of all parties, the title to the plantation was vested in one E. E. Ford, an employee of the investment company, and who resided at the home address of it. In consummation of this transaction, the investment company satisfied of record its second mortgage, and the bank likewise satisfied its mortgage. Thereupon, a new first mortgage was executed by Ford and his wife to the investment company for the sum of $20,000 which was evidenced by six notes, five of which were for $1,000 each and the sixth for $15,000. These notes and the mortgage securing them were dated October 24, 1924, and were immediately thereafter transferred and assigned by the investment company to the bank. Subsequent to the assignment of the mortgage and notes last referred to, interest, taxes and maturities

were paid by the investment company as they accrued up to and including 1929, when the investment company declined to make further payments. During the period of time the investment company paid interest, taxes and maturities, it was in possession of the plantation enjoying rents and profits. The $15,000 note was defaulted at maturity, and this suit seeks to enforce payment.

The investment company filed an answer alleging that it had advanced interest, taxes and the money to pay maturities upon the debt for the account of the bank in the aggregate sum of $14,239.19 which amount should be declared a prior lien upon the plantation to that of the bank's mortgage or in any event upon a parity therewith.

The testimony adduced upon the trial not only tended to establish the facts and circumstances heretofore stated, but tended to prove that the bank had been a customer of the investment company for a long number of years, and by reason of this had been apprised of its custom in effecting such advances for the accounts of its customers; that this policy was discontinued in 1927, at which time the bank was fully informed of all prior advances in its behalf and tacitly agreed thereto; that a written memorandum of advances was left by the investment company with the bank for the consideration of its officers. This testimony, however, on behalf of the investment company was denied by the officers of the bank.

The following correspondence ensuing between the investment company and the bank during the time of the alleged advancements are typical of the relationship of the parties in reference to the alleged advancements or payments: On November 6, 1927, the bank wrote the investment company as follows: "I am enclosing herewith for collection and remittance the following coupons set out therein, among others four coupons of E. E. Ford in the sums, respectively of $900, $60, $60 and $60."

And the investment company responded as follows:

"We enclose herewith our New York draft for $1,080 in payment of interest due November 1, 1926, No. 71339,

E. E. Ford, $1,080. Please forward coupons and greatly oblige.''

The chancellor determined that the investment company's remittances to the bank were in truth and fact payments of interest and maturities, and that taxes paid by it were for its own benefit and protection, and that neither was advances for the bank's account. A decree was entered to this effect, and this appeal is therefrom.

The investment company invokes the doctrine that, it having paid the taxes which inured to the benefit of the bank, subrogation should be granted in its behalf. See *Ringo* v. *Woodruff*, 43 Ark. 469, and subsequent cases.

The investment company is in no position to invoke the doctrine announced in the cases cited. It was in possession of the property enjoying rents and profits therefrom at all the times these remittances were made for interest, maturities and taxes, therefore the duty rested upon it to pay and not upon the bank. *Flower* v. *Bricker*, 178 Ark. 764, 12 S. W. (2d) 394; *Federal Land Bank of St. Louis* v. *Richland Farming Co.*, 180 Ark. 442, 21 S. W. (2d) 954.

Not only was the investment company in possession enjoying rents and profits, but the testimony reflects that it was the owner of the property, and under this view had the duty, not only of paying taxes, but of paying interest and maturities on the debt.

Appellant urges under this view of the case that it is entitled to a division of the rents accruing from said plantation during the year 1933 up to the time of the appointment of a receiver which occurred on the twelfth day of September, 1933. This contention can not be urged here for the first time. The investment company took the position in the trial court that it was not the owner of the property and had no duty of paying taxes, interest or maturities. It made no contention in the trial court that it was entitled to any part of the 1933 rentals. The investment company will not be permitted to reverse its position in this court and inject an issue not raised by the pleadings nor determined by the court below. *Cameron* v. *Fenton*, 169 Ark. 372, 275 S. W. 743.

No error appearing, the judgment is affirmed.