HUTSON MOTOR COMPANY *v.* LAKE.

4-4435

Opinion delivered November 23, 1936.

*J. Hugh Wharton, Gustave Jones* and *J. J. McCaleb*, for appellants.

*Fred M. Pickens,* for appellees.

MEHAFFY, J. This is the second appeal in this case. The decision on former appeal is in 190 Ark. 633, 80 S. W. (2d) 64. The case was reversed before because the trial court refused to give the jury the following instruction:

"You are instructed that, even though you may find that defendant was guilty of negligence, as alleged in the complaint, still the plaintiff cannot recover if you find that plaintiff's decedent, Ike Lake, was guilty of any negligence that contributed to the injuries alleged to have been received by him and which injuries alleged to have resulted in the death of the said Ike Lake."

On the second trial of the case in circuit court, from which this appeal comes, that instruction was given by the court.

Ike Lake, in June, 1934, was killed at the street intersection of Laurel and Third streets in the city of Newport. He was struck by a car driven by one of appellants' servants, and the evidence showed that the car was being driven at a rapid rate of speed in a residential part of the city. Lake was crossing the street at a regular place for pedestrians to walk across. V. Cross testified that he saw the accident when Lake was killed. Lake was crossing the street at the usual place and was about halfway between the center of the street and the curb when he was struck. It looked like the car was traveling 50 miles an hour. Lake was standing right along the center line when witness first saw him. There were two other negroes with him. They went on across the street. During all the time witness saw Lake, he did not look either to the east or west. He looked straight ahead in front of him. Third Street is a part of highway 67.

Annie May Brooks testified that she was with Lake, and Son Hobbs was with Lake. She saw the car; it was traveling pretty fast, but she got out of the way and did not see the car hit Lake. Witness and Hobbs had already got across the street, but Lake was behind them.

There was ample evidence to submit to the jury the question of whether the driver of the car was guilty of negligence when he struck Lake. There was also ample evidence to submit to the jury the question of Lake's contributory negligence.

When the case was here on former appeal we said: "It will not be necessary to detail the testimony adduced by the parties. It suffices to say that the testimony on behalf of appellees was amply sufficient to establish the allegations of their complaint, and that in behalf of appellant was sufficient to establish the negligence of the deceased, which contributed to his injury and death."

The evidence on this appeal is substantially the same as before, and it would serve no useful purpose to set it out in detail.

On a second appeal the judgment on the former appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been, but were not, presented. *Storthz* v. *Fullerton,* 185 Ark. 634, 48 S. W. (2d) 560; *American Ry. Express Co.* v. *Cole,* 185 Ark. 532, 48 S. W. (2d) 223; *Ellis & Lewis* v. *Warner,* 182 Ark. 613, 32 S. W. (2d) 167.

It is true, as argued by appellant, that the fact that one has a right to be on the highway does not relieve him of the duty of exercising care to avoid danger, and that a pedestrian must exercise ordinary care for his own safety. As to whether he does exercise such care is a question of fact for the jury. It is true one witness testified that he just looked straight ahead, but there is no evidence that when he started across the street or before this witness saw him, he did not look both ways. At any rate, it was proper to submit to the jury the question of Lake's contributory negligence, and the verdict of the jury on that question is conclusive.

We held, when the case was here before, that that question should have been submitted to the jury, and we reversed and remanded the case because the lower court had refused to give an instruction on contributory negligence.

The appellant complains because the court refused to give its instructions No. 5, No. 12, No. 13 and No. 14. We do not set out these instructions, but the court fully and fairly instructed the jury, and we find no error in either giving or refusing to give instructions.

Of course, it was necessary for the appellee to show that the appellant was guilty of negligence, and it is also true that, if deceased was guilty of negligence that contributed to his injury, there could be no recovery. But, as we have said, these were questions for the jury, and the jury's verdict on questions of fact is conclusive.

It is next contended by the appellant that the damages are excessive. Lake was killed, and according to the evidence he lived a while and suffered. Some of the witnesses testified that he groaned, indicating conscious pain.

Appellant calls attention in this connection to the court's modifying his instruction No. 12. This was an instruction on damages, but the court inserted the words "other than the amount of burial expense." The sentence then read: "In other words, gentlemen, if you believe that they are entitled to recover, before you could find for the estate for any amount, other than the amount for burial expense, you must believe," etc. Of course, if they found for the plaintiffs at all, the amount of the burial expenses would necessarily be included, and that is evidently what the court intended the jury to understand. But we do not think there was any prejudicial error in making the modification, because we do not think the verdict is excessive. The verdict for the estate was $1,000 and the verdict for the widow and children was $1,500. This was not a large verdict, and we think the evidence is sufficient to support this amount.

The judgment of the circuit court is affirmed.