HALLUM *v.* BLACKFORD.

4-6365                                        151 S. W. 2d 82

Opinion delivered May 26, 1941.

*R. S. Wilson* and *Daily & Woods,* for appellant.

*Partain & Agee,* for appellee.

HOLT, J. Appellees, M. A. Blackford and others, sued appellants, G. J. Hallum and A. McAlister, in the Crawford circuit court to compensate personal injuries received by them as a result of a collision between an automobile in which appellees were riding and appellants' truck, on highway No. 64, in Moffett, Oklahoma. Upon a jury trial judgments aggregating $12,235 were rendered in favor of appellees. Appellants have appealed.

Two errors are argued here: (1) That the evidence was insufficient to take the case to the jury; and (2) that error was committed in the selection of the jury to try the cause.

This is the second time this case has been here on appeal. The cause on the former appeal is reported in 200 Ark. 847, 141 S. W. 2d 54, as *National Mutual Casualty Co.* v. *Blackford.* The judgment was reversed on the first appeal for the error in joining the insurance company as a party defendant. However, in that opinion on the question of the sufficiency of the evidence, we said: "For a reversal, it is first insisted that the court erred in refusing to direct a verdict for appellants at their request so to do. We cannot agree that a question of fact was not made for the jury. The testimony is in direct conflict. That for appellees shows that the collision was due to the negligent driving of appellant, McAlister; that for appellants shows it was due entirely to the negligent driving of appellee, M. A. Blackford. It is said the physical facts belie the testimony of appellee. We are unwilling to give assent to this contention, even though the circumstances strongly point in that direction. We think it unnecessary to set out in detail the testimony of the various witnesses. Suffice it to say a case was made for the jury on the issues in dispute."

Under the rule many times announced by this court, the decision on the former appeal becomes the law of the

case on this appeal unless we can say that the testimony on this second appeal is substantially different from that on the first appeal. We think it unnecessary to attempt to set out or abstract the testimony presented in this record. Suffice it to say, that after carefully reviewing it and comparing it with the testimony on the first trial, we find no substantial or material difference. Of course, there may be slight differences and variations but we think not of a substantial nature. It is conceded that the photographs in evidence on this trial are identical with those used on the former trial. As in the former trial, so in this, the testimony of the witnesses is in irreconcilable conflict.

In *Missouri Pacific Rd. Co., et al.* v. *Foreman,* 196 Ark. 636, 119 S. W. 2d 747, this court said: " 'Learned counsel for appellant argue with much zeal and plausibility that the plaintiff did not make out a case to go to the jury, and that the findings of the jury as to the various essential elements of the alleged cause of action are not supported by evidence. The same question was argued with equal force and confidence when the cause was before us on the former appeal, but we decided that there was enough evidence to go to the jury. There is little difference in the evidence in the present record and in that presented on the former appeal, and we must treat the former decision as conclusive of the question.'
. . .

"Where the record on a second appeal is substantially the same as on the former appeal, the holdings of this court on the former appeal become the law of the case. This rule has been followed by this court throughout its history."

And in the recent case of *Missouri Pacific Rd. Co.* v. *Burks,* 199 Ark. 189, 133 S. W. 2d 9, we said: "The evidence is not essentially or materially different from what it was as set out and argued in the first case. It, therefore, becomes unnecessary to take up and reconsider upon this appeal the evidence tending to show liability and to support the judgment rendered."

See, also, *Missouri Pacific Rd. Co.* v. *Sanders*, 196 Ark. 269, 117 S. W. 2d 720; *Missouri Pacific Rd. Co.* v. *Hunnicutt*, 193 Ark. 1128, 104 S. W. 2d 1070; *Postal Telegraph-Cable Co.* v. *White*, 190 Ark. 365, 80 S. W. 2d 633; *Milsap* v. *Holland*, 186 Ark. 895, 56 S. W. 2d 578, and *Coca-Cola Bottling Co.* v. *Shipp*, 177 Ark. 757, 9 S. W. 2d 8.

We conclude, therefore, that the trial court did not err in submitting the cause to the jury.

Appellants next insist that the trial court erred in the manner in which the jury was selected. We cannot agree to this contention.

Appellants seem to base this assignment on the following contentions: They say in their brief "that after this cause had been called for trial and both sides had announced ready, and after the court announced that this would be the first cause tried at this term, the court, upon the suggestion and request of appellees' counsel, displaced the case on the docket and ordered another case to be tried first," the court erred in "denying to appellants a trial by a jury selected by the jury commissioners," that error was committed by the court in excusing "without cause and in an improper manner, various jurors" and for refusing to "delay the start of the trial until such time as the jury then deliberating should be available for this case."

The record reflects that the cause could not be reached on the day on which it was set for trial. On the following day, at the request of appellees, this case was replaced by the court by the next case on call for the reason that some of appellees' witnesses were not then present.

It appears that at the beginning of the term of court out of the 33 jurors selected by the jury commissioners only 15 had reported for duty. Those not reporting had been excused for various reasons by the court. The court then filled out the regular jury panel of 24 from bystanders.

When the case was finally reached only 18 jurors were available, another jury of 12 being out at the time

on another case. Just how many jurors of the regular panel were on this jury the record does not clearly indicate. Upon appellants' request for a drawn jury, the sheriff summoned six bystanders to complete a jury panel of 24 men from which the jury was selected.

It is a well settled rule of law that no litigant is entitled to the services of any particular juror. In excusing, empaneling and selecting jurors for the trial of causes, the trial judge must of necessity be given much latitude and a wide discretion. This is necessary if the machinery of our courts is to function with dispatch and without unnecessary delays and expense. Unless there has been an abuse of this discretion this court will not reverse. After a careful search of this record we have been unable to find any act of the trial court which can be said to be an abuse of discretion, and able counsel for appellants have been unable to point us to any such abuse. All of the matters complained of by appellants, as we view them, were acts of the trial court clearly within his discretion and, as indicated, we think no abuse thereof has been shown.

In the case of *Sullivan* v. *State,* 163 Ark. 11, 258 S. W. 643, this court said: "During the adjournment stated, which covered a portion of what would ordinarily have been a part of the summer vacation, the court had for causes not shown, excused a number of the members of the regular panel, so that, when the case was called for trial, only fifteen members of the regular panel of the petit jury responded to the call of their names. Thereupon the court ordered the sheriff to summon jurors to become members of the regular panel, and a sufficient number of persons were called from the special venire and qualified for that purpose so that when the drawing of the jury began, which the defendant demanded, there were twenty-four jurors in the box. An exception was saved to the action of the court in thus filling the jury.

"We think no error was committed in the respects stated. These were matters over which the circuit judge must necessarily have a wide discretion. It is thoroughly

settled that a defendant has no right to the services of any particular juror. He may only demand that he be tried before a fair and impartial jury, and it is difficult to imagine a case where the judge had excused a juror from further service on the regular panel which would afford any defendant just cause of complaint.

"In the matter of summoning the special veniremen the trial judge is also necessarily vested with a wide discretion. He is charged with the duty of dispatching the business on his docket, and should, of course, do so in a way to avoid either unnecessary delay or unnecessary expenses . . . and there is no assignment of error that the defendants were compelled to accept any juror who was in fact disqualified for any reason." See, also, *Rogers* v. *State*, 133 Ark. 85, 201 S. W. 845.

And again in *Rumping* v. *Arkansas National Bank*, 121 Ark. 202, 180 S. W. 749, this court said: "The decision of the trial judge upon the question of a juror's qualification must necessarily rest largely in the exercise of sound discretion, and the decision should not be set aside unless it clearly appears that there has been an abuse of discretion and that a biased juror has been forced upon the parties."

Section 8334 of Pope's Digest provides: "A panel of twenty-four petit jurors shall be formed from the list of petit jurors and alternates, and bystanders if necessary, in the manner prescribed in §§ 8326 and 8327 for the selection of the grand jury, which shall be organized and sworn as provided in § 6375."

Section 8335 provides: "Such panel shall be the regular jurors for the trial of all jury cases both civil and criminal."

Section 8339 provides: "If, for any cause any of said jurors shall, at any time, be released from serving for the balance of the term, others shall be summoned and sworn so that there shall be at all times a panel of twenty-four regular jurors."

Under the above sections, together with § 8345 of Pope's Digest, we think appellants were entitled to a

jury selected out of the regular panel of twenty-four men, provided this panel of twenty-four regular jurors were available to them at the time of the selection of the jury. In the instant case it appears that twenty-four regular jurors were not available at the time the jury was selected for the reason that some of the regular panel were deliberating on another case. It also appears that when the instant case was called the court waited for a reasonable length of time for the other jury to report and when it failed to report a sufficient number of bystanders were summoned to fill out a panel of twenty-four from which the jury in question was selected.

As indicated, we think the law contemplates and intends that appellants had the right to select the jury from the regular jury panel, but only in case the regular panel were available at the time.

Litigants have no right to demand that the business of trial courts be suspended pending the verdict of a deliberating jury. Juries sometimes deliberate for days, and certainly the machinery of our courts may not be stopped for unreasonable periods to afford a litigant the opportunity to select the jury from the regular panel.

In *Pate* v. *State,* 152 Ark. 553, 239 S. W. 27, this court said: "The first assignment of error is that the court erred in refusing to quash a special venire ordered at his trial. It appears that the jury was divided into two panels, and when appellant's case was called one of these panels was exhausted without making the jury. The other panel was at the time engaged in considering a case which had been submitted to it. Appellant demanded that his trial be stayed until this second panel had been discharged and was available in his case. The court overruled this motion and ordered the sheriff to summon as veniremen twice the number then needed to complete the jury.

"No error was committed in this ruling. This exact question was raised in the case of *Johnson* v. *State,* 97 Ark. 131, 133 S. W. 596, and it was there held that the trial court committed no error in refusing to delay the trial until the members of the regular panel engaged in

the trial of another case were available. If it were otherwise, intolerable delays would result in the administration of justice.''

No error appearing, the judgments are affirmed.