SEMINOLE TITLE & INS. CO. *v.* PARKER.

5-1417                                        308 S. W. 2d 799

Opinion delivered December 23, 1957.
[Rehearing denied January 27, 1958.]

440

*Ralph E. Wilson,* for appellant.

*Henry J. Swift,* for appellee.

J. SEABORN HOLT, Associate Justice. This is the second appearance of this case before us. Reference is made to our opinion in *Parker* v. *Whistle,* 227 Ark. 731, 301 S. W. 2d 445, for a more complete statement of the facts. The appellees here, Parker and wife, in the above case, sued Clem Whistle, his wife, and the appellant here, Seminole Title & Insurance Company. That suit was based on a contract executed by the parties (the Parkers as sellers and the Whistles as purchasers) for the sale of land by the Parkers to the Whistles. This contract contained this pertinent provision: "But if the title is good and the property not paid for as herein specified, this earnest money ($10,000) is to be forfeited to the Seller and divided equally between the Seller and Seminole Title & Insurance Company, . . ." The appellant here, Seminole Title & Insurance Company, was the real estate broker.

The Whistles put up $10,000 on the purchase price of the land, as earnest money, with Seminole Title & Insurance Company to be held in escrow. The Whistles refused to purchase the land and the Parkers sued to recover the $10,000 earnest money, based upon the sales contract as forfeited. One of the allegations by the Parkers in their complaint was: "That said contract required the defendant, Clem Whistle, upon the execution thereof, to pay to plaintiffs the sum of $10,000.00 as earnest money; the same to be applied as a part of the purchase price of said lands if he complied with the terms thereof and completed said purchase, otherwise, said sum was to be forfeited to plaintiffs and divided equally between them and the defendant, Seminole Title & Insurance Company, Inc., agent."

Both the Whistles and Seminole Title & Insurance Company were made parties defendant to the original suit, and both filed separate answers and cross-complaints. In its cross-complaint appellant here, Seminole Title & Insurance Company, prayed for one-half of the $10,000 earnest money in accordance with the terms of the contract. It used this language in its cross-complaint: "By way of further answer defendant, Seminole Title & Insurance Company, assumes the role as cross complainant herein and says that it is entitled to receive of and from the plaintiffs, D. C. Parker and wife, Anita H. Parker, the sum of $5,600.00 as commission in event the sale is consummated between the said Parker and wife and the said Clem Whistle and wife; further that in event said sale is not consummated and the earnest money deposited by the defendant, Clem Whistle, is forfeited to the said plaintiff Parker, then and in such event, the Seminole Title & Insurance Company is entitled to one-half of said earnest money, or the sum of $5,000.00. The Exhibit "A" attached to plaintiff's complaint, being a copy of the contract involved, is hereby adopted as an Exhibit to this answer and cross-complaint as though set out herein word for word." The Parkers made no reply or answer to this cross-complaint of Seminole.

The trial court denied Parker's claim to the $10,-000 earnest money, whereupon the Parkers appealed to the Supreme Court and as indicated in our former opinion, we reversed the decree of the trial court and held that the Parkers were entitled to the $10,000 as liquidated damages (not as a forfeiture) in accordance with the terms of the contract. Our mandate contained this provision: "The court erred in failing to award D. C. Parker and wife judgment for $10,000 as liquidated damages, under the terms of a contract by which Clem Whistle and wife deposited this sum with an escrow agent as earnest money to guarantee the performance of a contract to purchase real estate, which contract was not complied with.

It is therefore ordered and decreed by the court that the decree of said chancery court in this cause

rendered be, and the same is hereby, for the error aforesaid, reversed, annulled, and set aside with costs; and that this cause be remanded to said chancery court with directions to enter a decree not inconsistent with the opinion herein delivered.'' Subsequent to the filing of the mandate Seminole filed petition asking for one-half of the $10,000. The trial court denied Seminole's petition and directed the money, which had previously been paid into the registry of the court by Seminole, be paid over to the Parkers. This appeal followed.

On the record presented we have concluded that Seminole is entitled to one-half of the $10,000 liquidated damages in accordance with the plain terms of the contract upon which all parties relied. Whether this $10,000 be considered as a forfeiture, as the Parkers claimed, or liquidated damages, as we held, it seems to us would make no difference in so far as the rights of Seminole are concerned. In the former appeal there was no suggestion nor contention on the part of the Parkers that Seminole was not entitled to one-half of the $10,-000 in question in case this amount should be awarded to the Parkers. Parkers based their claim on the contract which, as indicated, clearly provided that Seminole was to have one-half of the $10,000. In its cross-complaint Seminole specifically pleaded its right to one-half of this $10,000 under the contract in question, and the Parkers filed no answer or denial of this cross-complaint of Seminole. This, we hold, amounted to a concession or admission on the part of the Parkers that Seminole would be entitled to its share of the recovery.

While it is true that Seminole did not appeal in the former case along with the Parkers, however, Seminole's rights were purely derivative, or dependent upon Parkers' recovery under the terms of the contract. ''Derivative'' is defined by *Bouvier's Law Dictionary* as ''Coming from another; taken from something preceding; secondary; as, derivative title, which is that acquired from another person . . . with regard to derivative acquisition . . . the person from whom the thing is acquired may not have an unlimited right to it . . . Derivative

title must always be by contract." The contract here in question was a bilateral contract and binding on both the Parkers and the Seminole Title & Insurance Company. After holding as we did in the former opinion, that the Parkers were entitled to recover the $10,000 on the contract, as liquidated damages, and reversing the case, it then became the duty of the trial court to determine Seminole's claim, which under the terms of the contract was one-half of the $10,000, and to direct the payment of this amount to Seminole. Accordingly, the decree is reversed with directions to enter a decree consistent with this opinion.

The Chief Justice and Mr. Justice McFADDIN dissent.

ED. F. McFADDIN, Associate Justice (dissenting). I respectfully dissent from the reversal. By the rule known as "Law of the Case," the Chancery Court rendered the only decree that it could have rendered under the directions of this Court.

The majority opinion commences with the sentence: "This is the second appearance of this case before us." So, the majority recognizes that the present case of *Seminole* v. *Parker* is the same case as *Parker* v. *Seminole, et al.* The former case in this Court was No. 1254, and the original transcript in that case shows that the appellants were D. C. Parker and Anita Parker, his wife; and the appellees in that case were Clem Whistle, Alice Keich Whistle, Seminole Title & Insurance Company and D. Fred Taylor, Jr. When we decided the former case we issued our mandate, which reads in part:

"The court erred in failing to award D. C. Parker and wife judgment for $10,000 as liquidated damages, under the terms of a contract by which Clem Whistle and wife deposited this sum with an escrow agent as earnest money to guarantee the performance of a contract to purchase real estate, which contract was not complied with.

"It is therefore ordered and decreed by the court that the decree of said chancery court in this cause rendered be, and the same is hereby, for the error aforesaid,

reversed, annulled, and set aside with costs; and that this cause be remanded to said chancery court with directions to enter a decree not inconsistent with the opinion herein delivered.''

Let it be remembered that Seminole was a party appellee in that case in this Court; and that the mandate directed that a decree be entered for the Parkers. If Seminole was dissatisfied with the mandate issued in that case, it should have applied to this Court to recall the mandate and make some provision to protect Seminole's present claim. But no such motion was filed. The mandate, as previously copied, went down to the Chancery Court, and the Chancery Court entered the present decree, which is in strict accordance with the mandate. Seminole ''sinned away its day of grace'' in failing to ask for a modification of the mandate; and under the rule of ''Law of the Case'' I think the Chancery Court's present decree should be affirmed.

The rule of ''Law of the Case'' is recognized in scores and scores of our opinions. In West's Arkansas Digest, ''Appeal and Error,'' Key No. 1096, *et seq.*, the cases are cited. I mention only a few:

In *Hutson Motor Co.* v. *Lake,* 193 Ark. 200, 98 S. W. 2d 947, in speaking of the rule of ''Law of the Case,'' we said:

''On a second appeal the judgment on the former appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been, but were not, presented. *Storthz* v. *Fullerton,* 185 Ark. 634, 48 S. W. 2d 560; *American Ry. Express Co.* v. *Cole,* 185 Ark. 532, 48 S. W. 2d 223; *Ellis & Lewis* v. *Warner,* 182 Ark. 613, 32 S. W. 2d 167.''

In *National Surety Co.* v. *Long,* 85 Ark. 158, 107 S. W. 384, we said:

''. . . the former decision, be it right or wrong, is the law of this case, and it is not now open for the court to change the law of the case, whatever might be its views hereafter, should another case arise.''

So, under the rule of "Law of the Case," I think the Chancery Court entered the correct decree in the case from which comes the present appeal.

Therefore, I respectfully dissent.

HARRIS, C. J., joins in this dissent.